■ SILYN D. EVANS et al., Appellants-Respondents, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 45451.) — GABRIELLI, J. Appeal from a judgment entered January 16, 1967, upon a decision of the Court of Claims. For direct and consequential damages on account of the appropriation of a portion of their residential property, claimants were awarded $51,000. By means of the appropriation, the State took the dwelling, built in 1947, the valuation of which constitutes the basis and focal point of this appeal upon which claimants contend the award is inadequate. The cross appeal by the State has been withdrawn. In urging that the testimony of their expert as to value based solely upon reproduction cost less depreciation be accepted, claimants contend that this formula is appropriate because the dwelling was a custom built home. The record supports a conclusion only that it was a residence pure and simple which, absent any uniqueness, cannot be regarded as a specialty (*Washburn v. State of New York,* 26 A D 2d 845; *Nuccitelli v. State of New York,* 25 A D 2d 700; *Bensle v. State of New York,* 24 A D 2d 1052) and in the absence of a clear showing that the appropriated property was unique or a specialty there was no reason for the acceptance of an appraisal upon which an award could be predicated, based solely on land value plus the cost of improvements. (See, e.g., *Washburn v. State of New York, supra; Guthmuller v. State of New York,* 23 A D 2d 597.) Neither can claimants seriously urge that their proof went beyond the cost approach, for as we said in *Washburn* the appraisal cannot be saved by their expert's responses to leading questions regarding some supposed comparables, after concluding a lengthy and detailed explanation of his computation of construction costs. Not only were the supposed comparables not actual comparables, but the unsupportable brief and casual reference thereto by the expert, also by means of his written appraisal never received in evidence, was meaningless. The court properly found that "No evidence was offered by this expert based on the market data approach". Based upon a comparable sales approach, the State's expert testified to a before value of $58,500 and an after value of $17,500 with damages amounting to $41,000. The court's conclusion that claimants be entitled to an award of $51,000 need not be disturbed, for the State has not appealed from the judgment. Upon the conclusion of the trial and its written decision, the court, in ruling on the admissibility of claimants' expert's testimony which was confined solely to the cost approach, erroneously struck his testimony. Such evidence is admissible (e.g., *Matter of the*

*City of New York* [*Blackwell's Is. Bridge*], 198 N. Y. 84) and should have been received as a check on the market value method of the State's appraiser. Nevertheless, it was not prejudicial or reversible error inasmuch as claimant offered no evidence upon which an award could be based, the only evidence in the record being that of the State's appraiser. Thus, absent sufficient explanation and a basis for its conclusion, the court could not ordinarily render an award higher than the values set by the State. (*Matter of City of New York* [*A. & W. Realty*], 1 N Y 2d 428; *Stiriz* v. *State of New York*, 26 A D 2d 964.) Judgment affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.