■ MAURICE RICHARDS et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 46543.) — HERLIHY, J. Appeal by the State from a judgment of the Court of Claims awarding damages of $28,500, plus interest, to claimants for the appropriation of their real property. The appropriation consisted of .848 acre of a 1.7-acre parcel of land and included a stone dwelling and cottage. Both appraisers agreed that the loss of these buildings destroyed the economic usefulness of the motel and cabin units located on the remaining property. The claimants' appraiser used three methods in arriving at a market value of $44,000 before the taking and $10,450 for the remainder. His valuation based on reproduction cost less depreciation is inapplicable to the present case since the property was not a specialty, although perhaps unique in the building material of the residence. He capitalized the income of the rental business, but in so doing he *assumed* factually unsupported expenses and also gave no factual support for his capitalization figure and, accordingly, the result is not a proper measure of damages. He also utilized comparable sales, but his adjustments as to the buildings involved in such sales were either based solely upon his judgment or upon reproduction costs and in either event the result has no probative value of any consequence. All of the appraiser's methods of arriving at market value were either erroneously applied or unsupported by evidence. The appraiser for the State used two methods to arrive at a before appropriation market value of $18,000 and a value of $3,000 for the remainder. These two methods were: 1. Income approach. The appraiser took the income figures as supplied by the owner, arriving at a higher gross income of his own; considered the location of the premises; the advent of new motels; that the present cabin and motel were suitable only for warm weather occupancy, but at the same time finding the house to be a year-round home. He adopted a multiple to which there was no objection and reached a figure for this approach of $17,600. 2. Comparable sales. As the result of comparable sales and necessary adjustments, he arrived at a figure of $18,000. The methods adopted by the State and the factors used in substantiating the methods were, under the circumstances, proper and the proof supports them and rather than grant a new trial this court adopts the market value as proven by the State. Accordingly, the

court finds the before value to be $18,000, the after value $3,000 and damages in the amount of $15,000, computed as direct damages $11,850 and consequential damages of $3,150. Judgment modified, by reducing the amount thereof to $15,000, as computed above, together with appropriate interest, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy J.