■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFONSO KNIGHT, Also Known as ALPHONSO SPRINGER KNIGHT, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 2, 1972, convicting him of possession of a dangerous weapon, on a plea of guilty, and sentencing him to an indeterminate prison term not to exceed three years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to the time served. As so modified, judgment affirmed. In our opinion, the sentence was excessive to the extent indicated herein. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH LEE, Also Known as OSBORNE WILSON, Appellant.— Appeal by defendant, as limited by his brief. from a sentence of the Supreme Court, Queens County, imposed October 6, 1972. Sentence reversed, on the law, and case remitted to the Criminal Term for resentencing. The sentencing court did not grant defendant an opportunity to be heard before sentencing as required by CPL 380.50. The case is remitted solely to permit compliance with this section (*People* v. *Kidd,* 42 A D 2d 910). Gulotta, P. J., Latham, Cohalan, Benjamin and Munder, JJ., concur.

■ MILDRED TERNER, Respondent, v. WILLIAM TERNER, Appell..u..— I١ an action for divorce, the defendant husband appeals from an u.٦er of ..٠ Supreme Court, Westchester County, dated May 31, 1973, which, *inter alia,* denied his motion for a new trial on the grounds of newly discovered evidence and alleged trial irregularities. Order affirmed, with $20 costs and disbursements. In a brief submitted by Erdheim, Shalleck & Falk, which indicated that the appeal was to be argued by Irving I. Erdheim, a copy of an affidavit was included which was not properly part of the record on appeal. This practice must be severely condemned (cf. *Golden* v. *Golden,* 37 A D 2d 578). Counsel do not help their cases by attaching to briefs matter dehors the record (*Ro-Stan Equities* v. *Schechter,* 44 A D 2d 577). Hopkins, Acting P. J., Latham, Shapiro, Brennan and Munder, JJ., concur.