■ In the Matter of JAMES D. TYRRELL, Respondent, v TOWN OF GREENVILLE et al., Appellants. — Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered July 6, 1984 in Greene County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to comply with a decision of a hearing officer directing a reduction in petitioner's real property assessment and a refund in excess taxes paid by him.

Petitioner purchased property in 1982 in the Town of Greenville, Greene County, for $35,000.* Petitioner filed a complaint with the Town's Board of Assessment Review (Board) requesting a reduction in the assessed value of the property from $21,200 to $5,338. The Board reduced the assessed value to $18,650. Dissatisfied, petitioner, through his attorney, filed for small claims assessment review under Real Property Tax Law, title 1-A, article 7. Petitioner's attorney was then informed by letter from respondent Ursula Fennelly, chairman of respondent Town of Greenville Board of Assessors, that petitioner was ineligible for small claims assessment review on the grounds that the structure on the property was a dormitory, not a residence, and that the owner did not reside there.

During the small claims review hearing, respondents raised the objections that petitioner did not qualify for such review pursuant to Real Property Tax Law § 730 because (1) petitioner's property was improved by a motel or dormitory-type building being rehabilitated which was not owner occupied (Real Property Tax Law § 730 [1] [a] [2]) and (2) the total anticipated reduction in all taxes and special ad valorem levies would exceed $750 (Real Property Tax Law § 730 [1] [a] [3]). The hearing officer rejected respondents' jurisdictional objections and decided that the assessed value should be fixed at $5,900,

* Special Term's figure of $38,084 included $3,084 that petitioner paid to clear a tax lien in order to close on the property.

which had the effect of reducing petitioner's real property taxes by $2,247.82. Petitioner, upon learning that respondents intended to ignore the decision, commenced the instant CPLR article 78 proceeding seeking to compel respondents to comply with the decision, reduce petitioner's assessment and refund the excess taxes paid and petitioner's small claims filing fee. Respondents moved to join the hearing officer as a third-party respondent.

Special Term found that the hearing officer's determination that he had jurisdiction over the matter was erroneous since the property was not owner occupied and the tax reduction exceeded $750. However, Special Term also ruled that the determination, even if erroneous, was intended by the Legislature to be final and not reviewable by respondents, citing to Real Property Tax Law §§ 733 and 736. Special Term then granted judgment directing that respondents comply with the hearing officer's decision to reduce the assessment and refund excess taxes and petitioner's filing fee. Special Term also denied respondents' motion to commence a third-party proceeding against the hearing officer. This appeal by respondents followed.

The judgment entered at Special Term should be reversed and the petition dismissed without prejudice to petitioner commencing a new proceeding, if so advised. The hearing officer in the instant case had no authority to entertain petitioner's application for small claims assessment review since petitioner did not comply with the requirements of Real Property Tax Law § 730 (1) (a). Petitioner did not occupy the property and the tax reduction sought clearly exceeded the $750 limit. The hearing officer's decision therefore was void for lack of subject matter jurisdiction (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 166). Special Term should have dismissed the instant proceeding without prejudice to petitioner instituting a proceeding seeking review of the assessment under Real Property Tax Law § 733.

Respondents' contention that the hearing officer should have been made a party to this proceeding is rejected. It was not necessary that the hearing officer be a party to the action in order to grant the relief requested.

Judgment reversed, on the law, with costs, and petition dismissed without prejudice to petitioner seeking review of the assessment under Real Property Tax Law § 733. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur. [124 Misc 2d 54.]