■ In the Matter of DONALD KLINE, Appellant, v CITY OF RYE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of a Hearing Officer of the City of Rye, dated November 30, 1987, rendered in a small claims assessment review proceeding pursuant to Real Property Tax Law, article 7, title 1-A, which concluded that the petition of Donald Kline did not qualify for review, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Cowhey, J.), entered March 25, 1988, which, upon granting the motion of the City of Rye to dismiss the proceeding, dismissed the proceeding in its entirety.

Ordered that the order and judgment is affirmed, with costs to the respondent City of Rye.

We agree with the Supreme Court that RPTL 730 (5) clearly and unequivocally prohibits the petitioner from seeking to join his two separately assessed lots in one petition for small claims assessment review. RPTL 730 (5) provides that "[n]o petition for small claims assessment review shall relate to more than one parcel of real property". RPTL 102 (11) defines "parcel", in pertinent part, as "a separately assessed lot, parcel, piece or portion of real property". There is no dispute that the lots for which the petitioner seeks small claims assessment review are separately assessed lots covered by the definition.

However, the petitioner contends that because he uses the two lots, one containing his residence and the other containing a tennis court and guesthouse-servant quarters, as one parcel, we should construe the language of the statute to permit him to treat his property as one parcel for purposes of small claims assessment review. While we fully appreciate that the aim of the legislative provision is to afford homeowners a speedy and inexpensive procedure to review assessments claimed to be erroneous (see, Matter of Town of New Castle v Kaufmann, 72 NY2d 684), the words of RPTL 730 (5) leave no room for judicial innovation to supply a remedy in this instance. This matter is more properly left to the Legislature for correction, if warranted.

We find no merit in the petitioner's other contentions. Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.