In the Matter of CITY OF NEW YORK, Appellant-Respondent, v ASSESSORS OF THE TOWN OF TOMPKINS et al., Respondents-Appellants. (And Two Other Related Proceedings.)

Third Department, February 20, 1992

### APPEARANCES OF COUNSEL

*Victor A. Kovner, Corporation Counsel (Robert F. Travia* of counsel), for appellant-respondent.

*Hancock & Estabrook (William L. Allen, Jr.,* of counsel), for respondents-appellants.

### OPINION OF THE COURT

YESAWICH JR., J.

Petitioner owns 12 separately assessed parcels of land in the Town of Tompkins, Delaware County. This land forms part of petitioner's drinking water reservoir system and represents approximately 24% of the Town's area. Charging unequal and illegal tax assessment of 11 contiguous parcels for the tax years 1987, 1988 and 1989, petitioner brought three proceedings pursuant to RPTL article 7 against respondents seeking review and reduction of those assessments. The 11 parcels in issue constitute roughly 40% of the Town's entire assessed value.

To prove inequality, petitioner chose to employ the "strati-

fied random sample" method described by RPTL 720. That method contemplates a comparison between the ratio of assessed value to fair market value of the taxpayer's property and the ratio of the assessed value to fair market value of all the other taxable properties in the Town on the assessment roll containing the assessment under review (hereinafter the other Town properties). In calculating the ratio for the other town properties the statute declares that, *"[t]he assessment under review* shall be excluded from the stratification and the sample" (RPTL 720 [3] [b] [1] [emphasis supplied]).

Respondents, who have not yet interposed answers, moved for partial summary judgment seeking an order determining, as a matter of law, that in arriving at the assessment ratio for petitioner's 11 parcels each should be separately compared to the other Town properties including all other parcels owned by petitioner. In petitioner's view, this approach is indefensible because it skews the outcome. It maintains that by including 10 of its 11 parcels in issue in the other Town properties the resulting ratio is thereby artificially leveraged by the very properties petitioner claims are overassessed. It urges that RPTL 720 (3) (b) (1) is to be read to exclude all 11 assessments under review from a single stratified sample of the other Town properties so that petitioner's 11 parcels are compared as a single entity to the other Town properties and not to each other. Respondents also sought partial summary judgment to the effect that, as a matter of law, petitioner's parcels should be evaluated as specialty property at their current replacement costs, specifically their values as of the tax valuation date of the roll protested based on their use and value in their natural condition, as they existed before the construction of the reservoir; in response, petitioner stated simply that summary judgment on the method of valuation is inappropriate. The Judicial Hearing Officer granted respondents summary judgment with respect to the sampling procedure but denied summary judgment on the valuation issue, without prejudice. All parties appeal.

■ We recognize that treating the 11 assessments as one, such that only one survey instead of 11 would be necessary, would considerably ease petitioner's burden in proving inequality of assessment; such a procedure, however, would be contrary to that delineated by statute. RPTL article 7 clearly provides for judicial review of *"an* assessment of real property" (RPTL 700 [1] [emphasis supplied]) on the grounds that it is "excessive, unequal or unlawful, or * * * misclassified"

(RPTL 706 [1]). An unequal assessment is defined as *"an* entry on the assessment roll of an assessing unit * * * which is made at a higher proportionate valuation than the assessed valuation of other real property on the same roll" (RPTL 701 [8] [a] [emphasis supplied]). Although petitioner used only one petition in each year to seek review, each of its 11 parcels was assessed separately and has a different ratio of assessment value to full value; because each assessment "stands alone" *(People ex rel. City of New York v Keeler,* 237 NY 332, 334), review of each parcel individually is appropriate *(see,* RPTL 706 [2]). And in the absence of a showing, not made here, that the Legislature intended the phrase "[t]he assessment under review" in RPTL 720 (3) (b) (1), expressed in the singular, to be interpreted in the plural form, the statute must be literally construed *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 252). Accordingly, the Judicial Hearing Officer properly decided that, as a matter of law, RPTL 720 (3) (b) (1) allows exclusion of only one parcel at a time from a stratified random sample of assessments. Adopting petitioner's argument to the contrary would be to legislate an alternative procedure, something we are not empowered to do *(see, Matter of Kline v City of Rye,* 150 AD2d 576, 577, *lv denied* 74 NY2d 614).

■ With respect to the method by which the subject parcels are to be evaluated and the application of that method, those are matters better left for determination by the trier of fact. The Judicial Hearing Officer cannot be faulted at this juncture for refusing respondents' request to set the valuation method as a matter of law before trial, for no specific evidence regarding the nature of these various parcels has yet been adduced.

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur.

Ordered that the orders are affirmed, without costs.