■ In the Matter of JOHN MASTERS, Respondent, v BOARD OF ASSESSORS et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of a Small Claims Hearing Officer for the Village of Freeport, dated March 12, 1990, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), dated September 20, 1990, which granted the petition, reversed the Hearing Officer's determination, reinstated the petitioner's small claims assessment review petition, and denied the appellants' motion to dismiss the proceeding for legal insufficiency.

Ordered that the order and judgment is affirmed, with costs.

The petitioner's property was improved with a single-family owner-occupied residence. Late in 1987, the petitioner moved to a new home. Unable to sell the subject property and unwilling to leave it vacant, he arranged for his father-in-law to live there free of charge until the sale of the property in

1989. During that time, the petitioner applied for a review of his assessment through the small claims assessment review procedure set forth in RPTL 730. The Hearing Officer denied the petition on the ground that the property was not owner-occupied. The petitioner then brought the instant proceeding. The Supreme Court, Nassau County, reversed the Hearing Officer's determination. We agree with the Supreme Court.

The small claims assessment review procedure is to be construed liberally in order to spare eligible homeowners the time and cost of conventional tax certiorari proceedings *(see, Matter of Town of New Castle v Kaufmann,* 72 NY2d 684; *cf., Matter of Kline v City of Rye,* 150 AD2d 576 [approving of broad interpretation but constrained by specific language of statute to deny the petitioner's claim]). The petitioner undoubtedly falls within the class of those intended to be benefitted by the procedure, and the property would have been eligible both before the petitioner's move and after its sale *(cf., Matter of Tyrrell v Town of Greenville,* 108 AD2d 1092 [property being converted to residential use]). To hold that it lost its owner-occupied character because of the owner's temporary inability to sell it would run counter to the clearly-expressed intent of the Legislature. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.