■ In the Matter of MICHAEL STOCK et al., Appellants, v MARIE BAUMGARTEN, as Assessor of the Town of Woodstock, Respondent. [621 NYS2d 754] —Mikoll, J. P. Appeal from an order and judgment of the Supreme Court (Torraca, J.), entered December 1, 1993 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to RPTL article 7, to review respondent's determinations regarding petitioners' 1988, 1989 and 1990 real property tax assessments.

Petitioners commenced this consolidated proceeding pursuant to RPTL article 7 to review the real property tax assessments of each of petitioners' five parcels of land for the tax years 1988, 1989 and 1990. During the trial, petitioners offered into evidence an appraisal report which, *inter alia,* estimated the total value of petitioners' 89 acres without estimating

separate values for each of the five parcels. Also submitted was the testimony of petitioner Michael Stock who testified to the 1988 purchase prices of the parcels. Supreme Court reserved decision on respondent's motion to strike petitioners' appraisal from the record as violative of 22 NYCRR 202.59. Thereafter, it was found that although respondent had served five separate appraisal reports to the Supreme Court Clerk, only one report was forwarded to petitioners. Based on the failure of respondent to comply with 22 NYCRR 202.59 (g), petitioners moved for a mistrial. The court found that petitioners had failed to demonstrate their prima facie entitlement to relief without their appraisal report in evidence* and dismissed petitioners' petition. Supreme Court also denied petitioners' motion for a mistrial, ruling that petitioners' failure to overcome the presumption of validity that attaches to respondent's assessments precluded their ability to contest any aspect of respondent's appraisal reports.

Petitioners' challenge to the propriety of Supreme Court's exclusion of their appraisal report is without merit. 22 NYCRR 202.59 (g) (3) requires separate appraisal reports for each parcel appraised (see, Matter of City of New York v Assessors of Town of Tompkins, 176 AD2d 44, 46). Petitioners' appraisal report was also lacking the required conclusions as to value reached by the expert, together with the facts, figures and calculations as to value as required by 22 NYCRR 202.59 (g) (2) (see, Matter of State of New York v Town of Thurman, 183 AD2d 264, 268).

Despite the exclusion of their valuation reports, petitioners urge that they nonetheless have proven their prima facie case. It is undisputed that there is a presumption of validity of an assessment by the taxing authority and the burden reposes on the challengers to show by substantial evidence that the assessments are excessive (see, Matter of Adirondack Mtn. Reserve v Board of Assessors, 99 AD2d 600, 601, affd 64 NY2d 727). This presumption of validity shifts the burden of going forward and is overcome as soon as credible evidence to the contrary is received (Matter of Property Portfolio 182 Corp. v Tax Commn., 58 AD2d 650, 651) sufficient to make out a prima facie case that the assessment is erroneous (see, Matter of State of New York v Town of Thurman, supra, at 266).

---

* Although Supreme Court did not specifically rule on respondent's motion to strike petitioners' appraisal report, such determination in favor of respondent is implicit in Supreme Court's conclusion that petitioners had failed to demonstrate their prima facie entitlement to relief.

Petitioners did make such a showing in this case by offering Stock's testimony that the assessed value of the parcels does not correspond to petitioners' 1988 purchase price. The recent arm's length sale of the subject property, if not explained away as abnormal, is evidence of the highest rank of true value of the property *(see, Grant Co. v Srogi,* 52 NY2d 496). Petitioners thus made out a prima facie case and Supreme Court erred in dismissing the petition. In view of respondent's failure to submit four of the five appraisals for the years petitioners carried their burden of proof, in violation of 22 NYCRR 202.59 (g), petitioners were entitled to a mistrial. As petitioners had no opportunity to verify or evaluate the data relied on by respondent's appraiser *(see, Hannon v Dunkirk Motor Inn,* 167 AD2d 834), respondent's failure presented a "substantial possibility of injustice" by preventing petitioners from effectively preparing for this proceeding *(supra,* at 834).

Mercure, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.