■ VERMONT FEDERAL BANK, Respondent, v WILLIAM A. CHASE, Appellant, et al., Defendants. [641 NYS2d 440] —Mikoll, J. P. Appeal from an order of the Supreme Court (Plumadore, J.), entered July 14, 1995 in Clinton County, which granted

plaintiff's motion for summary judgment and referred the matter to a Referee.

This appeal is from an "order of reference" granting, *inter alia*, summary judgment to plaintiff in an action to foreclose a mortgage given by defendant William A. Chase to secure an indebtedness to the East Coast Mortgage Company in the amount of $226,000 plus interest. The mortgaged property, known as the L & M Motel, is located in the City of Plattsburgh, Clinton County. Chase executed and delivered the mortgage and promissory note on July 15, 1988. The note was to be repaid in monthly installments of $2,568.71 principal and interest by the first of each month until fully paid. On July 27, 1988 East Coast Mortgage Company assigned the mortgage to plaintiff.

Following receipt of a notice of default from plaintiff, Chase filed a petition in bankruptcy in Bankruptcy Court under chapter 11 of the Bankruptcy Act (11 USC). A plan of reorganization (hereinafter the plan) was confirmed on June 25, 1993 requiring Chase to pay plaintiff $1,934 per month plus one twelfth of the amount of the annual real property tax bill, beginning 30 days after the date of confirmation. On March 15, 1994, notice was sent by certified mail from plaintiff to Chase and his attorneys of Chase's default for failing to make the required payments for the months of February and March 1994. The default notice stated that plaintiff was exercising its option to consider the entire indebtedness due.

Plaintiff then commenced the instant action and a receiver was appointed. Plaintiff amended its complaint twice to, *inter alia*, add and change parties. Chase answered the original complaint and the first amended complaint, but failed to answer the second amended complaint. Plaintiff moved for a default judgment due to this failure and, alternatively, for summary judgment on Chase's affirmative defenses. Chase cross-moved for leave to serve a second amended answer, which was granted. Supreme Court denied plaintiff's motion for a default judgment, granted plaintiff summary judgment and referred the matter to a Referee to, *inter alia*, compute the amount due plaintiff. Chase appeals.

Initially, we note that Chase has objected to plaintiff's belated submission of an appendix/supplemental record to its brief for inclusion in the record on appeal which Chase had already certified and filed. Chase objects that the late submission is improper as it contains matter outside the record and is uncertified. Plaintiff made no motion to strike the record and replace it. Accordingly, plaintiff's late submission is improper

and will not be considered on this appeal (*see, Terner v Terner,* 44 AD2d 702; *see also,* Siegel, NY Prac § 538, at 847 [2d ed]).

There should be an affirmance. Supreme Court properly granted summary judgment to plaintiff and ordered a reference. There are no questions of fact requiring a trial and plaintiff established its entitlement to summary judgment while defendant failed to submit evidence creating any question of fact for trial (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *see also,* CPLR 3212).

Chase's primary argument for reversal is that plaintiff failed to prove, as a matter of law, that Chase was in default as of March 15, 1994 for failure to make payments due on its note and mortgage under the plan for the months of February and March 1994. Plaintiff's proof showed that recapitalization of the loan reduced Chase's monthly payment due to $1,857.78 as of September 1, 1993. Despite plaintiff's request, Chase never forwarded an annual tax bill to plaintiff so that the tax escrow account could be set up; accordingly, plaintiff alternatively set up an "unapplied funds" account and deposited any funds in excess of the $1,857.58 payment into such account to cover future installments of monthly principal and interest. The balance in this account, however, was insufficient to make up for several monthly payments for which Chase's checks were returned.

The affidavits submitted by plaintiff's officials Edward Pike and Robert Wheeler confirmed that Chase never submitted funds to cover several checks which had been returned for insufficiency, detailed the relevant transactions in Chase's account and satisfied plaintiff's burden of proving that Chase was in default, as of March 15, 1994, under the terms of the plan. In contrast, Chase introduced no admissible evidence contradicting plaintiff's proof; his personal affidavits were insufficient to raise a triable question of fact (*see, Zuckerman v City of New York, supra,* at 562).

Chase's contention that the $3,142.05 he paid in July 1993 was never accounted for is refuted by plaintiff's proof that a portion of the sum was applied to the July 1993 monthly payment and the rest was applied to the principal of his debt, resulting in a recapitalization of the loan and a reduction in his monthly payments to $1,857.78 as of September 1, 1993. Moreover, Chase failed to object to plaintiff's recapitalization in Supreme Court and raises the issue of its validity for the first time on this appeal. Accordingly, Chase has waived the issue of whether the recapitalization of the loan and its effects was proper (*see, General Elec. Tech. Servs. Co. v Clinton,* 173

AD2d 86, 89, *lv denied* 79 NY2d 759; *Gunzburg v Gunzburg,* 152 AD2d 537, 538).

We reject Chase's assertion that Supreme Court's referral to a Referee to compute the sum due plaintiff was procedurally in error because Chase had not (1) failed to answer, (2) admitted plaintiff's right to foreclosure, or (3) consented to the reference. The summary judgment motion of plaintiff was properly granted. Therefore, there were no questions of fact to prevent the reference. As the calculation of the amount due plaintiff requires detailed mathematical calculations, the court's reference was proper (*see,* 92 NY Jur 2d, References, § 1).

We have examined Chase's other arguments and find them to be without merit. Considering all circumstances, we reject plaintiff's argument that Chase's appeal is so lacking in merit as to be frivolous warranting the imposition of financial sanctions pursuant to 22 NYCRR 130-1.1 (c) (1). We note that plaintiff is entitled to costs on this appeal as the prevailing party (*see,* CPLR 8107).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.