◼ In the Matter of FRED R. HEINEMEYER et al., Appellants, v STATE OF NEW YORK POWER AUTHORITY, Respondent. [645 NYS2d 660] —Mikoll, J. Appeal from a judgment of the Court of Claims (Hanifin, J.), entered January 30, 1995, upon a decision of the court in favor of claimants.

Claimants purchased title to a tract of rural land in 1968 consisting of approximately 244.33 acres located in the Town of Laurens, Otsego County. On July 7, 1986 the New York Power Authority appropriated three easements over claimants' property in connection with the construction and operation of the Marcy-South Power Line, a line which stretches from Oneida County to Dutchess County. Specifically, the Power Authority appropriated 13.650 acres on which to place the power line, 0.446 acres for an access drive and 8.840 acres for cutting, trimming and removal of obstructions endangering the line. As claimants reside in New Jersey, the Power Authority filed certificates directing service by filing and recording with the Otsego County Clerk's office on June 2, 1987 and January 14, 1988. A two-story residence erected in the 1960s and some dilapidated barns and sheds standing on the property at the time of the taking were demolished around May 1987. Two high voltage towers were erected on the site where the residence had been.

In April 1990, claimants commenced the instant action seeking $4 million for direct and consequential damages allegedly resulting from the appropriation. At the trial held in May 1994, claimant Ilse A. Heinemeyer (hereinafter Heinemeyer) represented herself and her husband *pro se*. An appraiser for claimants, William Kirby, testified concerning his appraisal report; however, the Court of Claims found the report to be of no probative value due to, *inter alia*, the flawed methodology used.

The Court of Claims adopted the appraisal report of the appraiser for the Power Authority, Kenneth Golub, with the exception of the value for cut timber. The record indicates that

Golub utilized the market comparison approach to valuation of the subject property both before the taking (including the improvements) and after the taking (unimproved but with power lines). Golub based the before taking value on three improved sales in the vicinity of the subject property, while basing the after taking value on three different unimproved properties, two of which contained power lines and one of which was within one mile of power lines. Golub's appraisal also reflected adjustments for the date of sale, location, topography, ground cover, shape, frontage and size of the properties.

In September 1994, the Court of Claims issued its decision which gave no weight to Kirby's appraisal report for claimants and awarded claimants $30,380 plus interest. Claimants moved for reconsideration and the Power Authority moved (1) for an order suspending interest from the expiration of 30 days after notification to claimants of the Attorney-General's readiness to approve title, and (2) to stay the entry of judgment because claimants had failed to present the necessary closing papers. The Court of Claims denied all motions but ruled that the 30-day time period was to begin running on November 16, 1994. Thereafter, judgment was entered in the sum of $44,986.19 inclusive of interest. Claimants appeal.

Claimants' contention that the Power Authority violated an agreement ensuring them just compensation and interest because they were not awarded the highest appraisal value for the taking is without merit. Claimants' basis for this claim is the statement (found in a Power Authority document entitled "Summary of Power Authority Acquisition Procedures") that "[t]he monetary offer made to the landowner is never less than the highest approved appraisal prepared by a qualified independent appraisal consultant", and an appraisal report which purportedly had a higher value than that submitted by the appraiser for the Power Authority at trial. The relevant statement was promulgated by the Power Authority to inform citizens of the process involved and the offer to purchase the easements from claimants was made to avoid the necessity of having to acquire them by eminent domain. As the easements here were obtained by eminent domain due to claimants' refusal of the purchase offer, such statement is not applicable to this case. Further, the Court of Claims explicitly stated that offers or demands made in negotiations would not be considered. Moreover, neither the document containing such statement or the appraisal report to which claimants refer are properly part of the record.

Appellate review is limited to the record before the court of first instance. Thus, portions of the original record on appeal and of claimants' brief and appendix will not be considered on this appeal (*see, Sprecher v Port Washington Union Free School Dist.*, 166 AD2d 700; *Block v Magee*, 146 AD2d 730, 732; *Broida v Bancroft*, 103 AD2d 88, 93). In addition, pages 51 and 52 of claimants' brief and appendix and the unpaginated newspaper article in their reply brief between pages 4 and 5 are matter dehors the record and will also be disregarded (*see, Terner v Terner*, 44 AD2d 702; *see also*, Siegel, NY Prac § 538, at 847 [2d ed]).

Claimants argue that the Court of Claims improperly ruled that the property in dispute had no potential for future sale of lots and that, since the highest and best value for the property in dispute is to subdivide it into lots, the court erred in employing the market comparison methodology that measured fair market value both before and after the taking. We find this argument to be without merit. There was an absence of any trial evidence that claimants had begun to subdivide or were even planning to subdivide the property. Heinemeyer testified that claimants "were too young * * * to even think of [subdividing]". Further, the appraisal reports and testimony of both appraisers indicated that the highest and best use of the property was as a residence with recreational land. Thus, the Court of Claims appropriately relied on the appraisal report of the Power Authority and its inherent methodology for valuation of the subject property.

The Court of Claims correctly concluded that the report of claimants' appraiser was of no probative value. This conclusion was supported by the evidence (*see, Matter of Burke Apts. v Swan*, 137 AD2d 321, 325). Kirby failed to make any adjustments for time, size, topography or frontage in his evaluation of the comparable properties (*see, Latham Holding Co. v State of New York*, 16 NY2d 41, 45; *see also, Matter of Northville Indus. Corp. v Board of Assessors*, 143 AD2d 135, 136-137). Additionally, Kirby (1) did not verify any of the comparable sales, (2) did not locate some of the comparable properties, and (3) did not know if such properties were vacant, had improvements or power lines located on them, or if the prices included the development cost of the developer. Further, Kirby inappropriately calculated the value of the demolished residence through use of the cost approach method when, admittedly, the residence was not a specialty (*see, Nicolay v State of New York*, 38 AD2d 611; *Richards v State of New York*, 32 AD2d 591; *Evans v State of New York*, 31 AD2d 565). Furthermore,

the Court of Claims' award of interest should not be disturbed. The award was made in compliance with the applicable statutes (see, Court of Claims Act § 19 [1], [4]; EDPL 514; CPLR 5001, 5002, 5003) and claimants have failed to demonstrate any error in the award.

Likewise, we find no error in the Court of Claims' failure to award consequential damages for any alleged adverse effect of the power lines' presence on the property as claimants failed to present proof that the market value of the subject property had been adversely affected by a perception of risk or fear of danger and/or health risks from exposure to high voltage power lines (see, Criscuola v Power Auth., 81 NY2d 649, 652). Kirby's appraisal report did not give a monetary value for any consequential damages flowing from the taking and Golub's report, which had no probative value regardless, indicated that there was no diminution of market value due to the power lines. Claimants' assertion that miscellaneous expenses incurred by reason of the taking were recoverable fails as such expenses are not related to market value. We have considered all other arguments raised by claimants and reject them as lacking in merit.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.