In a proceeding pursuant to CPLR article 78 to review a determination of a Small Claims Tax Assessment hearing officer dated December 17, 2010, which denied the petitioners’ application for small claims assessment review pursuant to Real Property Tax Law article 7, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Brandveen, J.), dated December 16, 2011, which, inter alia, denied the petition and dismissed the proceeding.
Ordered that the order and judgment is affirmed, with costs.
The property in question was occupied by the mother of one of the petitioners, and the mother did not pay rent. To qualify for small claims assessment review, the property at issue must be, among other things, “owner-occupied” (RPTL 730 [1] [b] [i]). At the hearing on the petitioners’ application for small claims assessment review, a jurisdictional objection was raised on the ground that the property was not owner-occupied. That objection was sustained, and the application was denied.
Where statutory language is clear and unambiguous, a reviewing court may not depart from its plain meaning (see Pultz v Economakis, 10 NY3d 542, 547 [2008]; Matter of Brown v New York State Racing & Wagering Bd., 60 AD3d 107, 115 [2009]). In this case, pursuant to the plain meaning of RPTL 730 (1) (b) (i), the owners did not reside at the property.
In support of their claim that the property satisfied the requirements for small claims assessment review, the petitioners cite Matter of Masters v Board of Assessors (188 AD2d 471 [1992]). In that case, the owner was attempting to sell the property and, rather than leave it vacant, arranged for his father-in-law to live there rent-free until the sale of the property. Since the father-in-law’s stay on the property was clearly temporary, the property did not lose its owner-occupied character (see id. at 472; see also Moreno v Shanker, 93 AD3d 829, 830 [2012]).
In the instant case, on the other hand, there is no evidence that the mother’s residence at the property was temporary. Accordingly, the administrative determination denying the petitioners’ application for small claims assessment review was not arbitrary and capricious, or affected by an error of law (see Matter of Sass v Town of Brookhaven, 73 AD3d 785, 788 [2010]). Therefore, the Supreme Court property denied the petition and dismissed the proceeding. Austin, J.E, Sgroi, Cohen and Hinds-Radix, JJ., concur.