■ In the Matter of JOHN L. WESLOWSKI et al., Respondents, v ASSESSOR OF THE CITY OF SCHENECTADY et al., Appellants. [58 NYS3d 751]—

Garry, J. Appeals (1) from an order of the Supreme Court (Buchanan, J.), entered August 22, 2016 in Schenectady County, which, in a proceeding pursuant to RPTL article 7, granted petitioners' motion for summary judgment, and (2) from the judgment entered thereon.

Petitioners are the owners of a single-family dwelling located in the City of Schenectady, Schenectady County. In June 2011, the previous owners listed the subject property for sale at the price of $149,000; one year later, as it had not sold, they reduced the offering price to $110,000. In June 2013, petitioners made an offer to purchase for the sum of $103,000, which was accepted. Approximately two weeks later, respondents determined that the full market value of the subject property was $126,829, and the total assessed value of the subject property was $156,000. Petitioners paid the corresponding property taxes based upon this assessment and thereafter commenced this proceeding pursuant to RPTL article 7, seeking a reduction upon the ground that the property was overvalued. In June 2016, petitioners moved for summary judgment seeking to reduce the tax assessment, which respondents opposed. Supreme Court granted summary judgment to petitioners, ordering a corresponding reduction of the assessment, among other things. Respondents appeal.

In an RPTL article 7 tax certiorari proceeding, "a rebuttable presumption of validity attaches to the valuation of property made by the taxing authority" (*Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, 23 NY3d 168, 174-175 [2014] [internal quotation marks and citations omitted]). Petitioners thus bore the initial burden of presenting substantial evidence to demonstrate that the subject property was overvalued (*see id.*). This minimal threshold is met by "demonstrat[ing] the existence of a valid and credible dispute regarding valuation" based on "sound theory and objective data" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998] [internal quotation marks and citation omitted]; *see Matter of Gran Dev., LLC v Town of Davenport Bd. of Assessors*, 124 AD3d 1042, 1044 [2015]). It is well established that evidence of a recent sale of the property is a highly reliable measure of value (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 189; *Matter of Ulster Bus. Complex v Town of Ulster*, 293 AD2d 936, 938 [2002]). Indeed, a sale in an "arm's length transaction" that is not "explained away as abnormal in any fashion" is the very best form of evidence (*W.T. Grant Co. v Srogi*, 52 NY2d 496, 511 [1981]; *see Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356 [1992]).

Here, petitioners presented the affidavit of the associate real estate broker who had been engaged to sell the subject property, together with their own affidavits describing the underlying transactions. From June 2011 through May 2013, the subject property had been continuously, publicly and widely advertised for sale on a multiple listing service throughout the Capital Region. Flyers were distributed at the broker's office and during open houses and showings. By May 2012, there had been more than 30 unsuccessful showings of the subject property, which prompted the initial reduction of the sale price to $110,000 in June 2012. Petitioners toured the property with the broker during an open house thereafter, and then met with the broker in May 2013 to execute their purchase offer. Two weeks later, respondents prepared their estimate of the market value of the subject property, which was significantly higher than the purchase price.

Supreme Court held that one can "scarcely envision a better indicator of value than the price established within two weeks of the assessed valuation date in an arm's[ ]length sale of a property that was publicly listed for sale for a period of two years." We agree, finding that petitioners' evidence was certainly adequate to rebut the presumption of validity and also to meet their burden upon the summary judgment motion (*see Matter of Stock v Baumgarten*, 211 AD2d 1008, 1010 [1995]). Respondents offered no evidence that suggests or reveals that the arm's length transaction by which petitioners purchased the subject property was in any manner abnormal. Review of the record reveals that the reduction in the asking price was the natural product of the failure to sell the subject property for a period of two years, and respondents' assertions to the contrary are mere speculation. Respondents further rely upon the affidavit of a licensed real estate appraiser, who explains that he arrived at the property valuation by using the comparable sales method. However, as this appraiser was unable to inspect the interior or exterior of the subject property, his report merely averaged the sales prices of similar nearby homes; he "was unable to make reliable adjustments to the comparable sales," as the method requires (*see Matter of Peck v Obenhoff*, 84 AD2d 633, 634 [1981]). As further adjustments in the valuation might be required, he concluded that "[his] analysis is subject to change."

Respondents' submissions thus failed to provide a "fair and realistic value" of the subject property (*W.T. Grant Co. v Srogi*, 52 NY2d at 512-513 [internal quotations marks and citations omitted]) and were conclusory and speculative, such that they

were insufficient to defeat summary judgment (*see Stonehill Capital Mgt. LLC v Bank of the W.*, 28 NY3d 439, 448 [2016]; *Robinson v Robinson*, 133 AD3d 1185, 1188 [2015]; *Matter of Heinemeyer v State of N.Y. Power Auth.*, 229 AD2d 841, 843 [1996], *lv denied* 89 NY2d 801 [1996]). Finally, to the extent that respondents also rely on the exhibits relative to the five similar properties referenced by the appraiser, those exhibits were not authenticated and are thus not tendered in admissible form (*see Bergstrom v McChesney*, 92 AD3d 1125, 1126-1127 [2012]). Accordingly, as respondents failed to raise a triable issue of fact, Supreme Court properly granted summary judgment to petitioners.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur. Ordered that the order and judgment are affirmed, without costs.