Matter of Lost Lake Resort, Inc. v Board of Assessors for the Town of Forestburgh (2023 NY Slip Op 06297)

Matter of Lost Lake Resort, Inc. v Board of Assessors for the Town of Forestburgh

2023 NY Slip Op 06297

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

CV-22-1981
[*1]In the Matter of Lost Lake Resort, Inc., Respondent,
v
Board of Assessors for the Town of Forestburgh et al., Appellants. (Proceeding No. 1.)
In the Matter of Mishconos Mazah, LLC, et al., Respondents,
v
Board of Assessors for the Town of Forestburgh et al., Appellants. (Proceeding No. 2.)

Calendar Date:October 19, 2023

Before:Lynch, J.P., Aarons, Pritzker, McShan and Mackey, JJ.

E. Stewart Jones Hacker Murphy LLP, Schenectady (Patrick L. Seely Jr. of counsel), for appellants.
J & G Law, LLP, Walden (Kara J. Cavallo of counsel), for respondents.

Mackey, J.
Appeal from an order of the Supreme Court (Stephan G. Schick, J.), entered April 25, 2022 in Sullivan County, which, in two proceedings pursuant to RPTL article 7, granted petitioners' motion for summary judgment.
Petitioner Lost Lake Resort, Inc. (hereinafter Lost Lake) is a wholly owned subsidiary of Double Diamond-Delaware, Inc., a Delaware holding company, that does business generically as Double Diamond Resorts.[FN1] In 2007, Lost Lake purchased land in the Town of Forestburgh, Sullivan County, to develop as one of the Double Diamond resort communities. Lost Lake later subdivided the property into several hundred lots, 66 of which it sold to outside purchasers. By 2017, however, construction on the project had halted and, in April 2019, Lost Lake listed the remaining land, consisting of 347 parcels contained within 2,095 contiguous acres (hereinafter the property), for sale as a single parcel. Thereafter, in July 2020, the property was sold for $9,550,000 to petitioners Mishconos Mazah, LLC and Lost Lake Holdings, LLC, in what the parties agree was an arm's length transaction.[FN2]
For the 2018, 2019, 2020 and 2021 tax years, respondents assessed each of the lots individually and arrived at combined assessed values of $19,525,800 (2018 and 2019), $22,462,600 (2020) and $23,119,500 (2021).[FN3] Petitioners commenced RPTL article 7 proceedings seeking reductions of those assessments and the proceedings were consolidated for review.
Following discovery, petitioners moved for summary judgment, asserting that there were no questions of fact requiring a trial. Rather, they submitted that the 2020 sale established the property's value, as well as the fact that it was over-assessed. In opposition, respondents accepted the facts as stated by petitioners, but argued that a trial was necessary to determine the appropriate assessment. The crux of respondents' argument was that each lot must be separately assessed, based upon the sale prices of comparable lots. Petitioners agreed that each lot should be separately assessed but asserted that the assessment must be based, as a matter of law, on the recent arm's length sale, such that the combined assessments of the 347 lots must total $9,550,000. Supreme Court agreed with petitioners and granted them summary judgment, reducing the total combined assessed value to $9,550,000 and ordering a corresponding proportionate reduction of the assessments per lot. Respondents appeal.
"The goal of property valuation for tax purposes is to arrive at the full value of the property, which is typically equated with market value" (Matter of Colonie Ctr. v Town of Colonie, 209 AD3d 1214, 1215 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 916 [2023]). "Property is assessed for tax purposes according to its condition on the taxable status date, without regard to future potentialities or possibilities and may not be assessed on the basis of some use contemplated in the future" (Matter of Hampshire Recreation[*2], LLC v Board of Assessors, 137 AD3d 1029, 1031 [2d Dept 2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 908 [2016]). "It is well settled that the best evidence of [market] value is a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" (Matter of Colonie Ctr. v Town of Colonie, 209 AD3d at 1215-1216 [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Hempstead Country Club v Board of Assessors, 112 AD3d 123, 135 [2d Dept 2013]). Indeed, a sale in an "arm's length transaction" that is not "explained away as abnormal in any fashion" is the very best form of evidence (W.T. Grant Co. v Srogi, 52 NY2d 496, 511 [1981]; see Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356 [1992]).
We note at the outset that respondents do not dispute that petitioners met their threshold burden of demonstrating "the existence of a valid and credible dispute regarding valuation" (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 175 [2014] [internal quotation marks and citation omitted]) by showing that the transaction at issue was "arm's length"[FN4] and that the assessed values of each tax year at issue far exceed the $9,550,000 purchase price (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 188 [1998]; Matter of Weslowski v Assessor of the City of Schenectady,152 AD3d 1035, 1036 [3d Dept 2017]).
In opposition to petitioners' prima facieshowing, respondents offered no evidence that suggests or reveals that the transaction was in any manner abnormal. Respondents' sole rejoinder to petitioners' proof was the conclusory affidavit of their real estate appraiser, who opined that the correct method for determining the value is to separately determine the actual full market value for each of the individual tax lots within the development by reviewing the sale prices of comparable lots. While that method may generally be a valid one, it is merely a substitute for looking to an arm's length sale, such as took place here, to determine value (see Matter of Colonie Ctr. v Town of Colonie, 209 AD3d at 1216; Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson, 106 AD3d 1232, 1236 [3d Dept 2013]). Moreover, the approach urged by respondents is particularly inappropriate in this case, where respondent Town of Forestburgh is refusing to grant permits to build on any of the lots until roads, a centralized water supply system, and other utilities and improvements are installed. Assessments must reflect the existing use of property, and potential development to a higher and better use may not serve as the basis for assessing (see Matter of Adirondack Mtn. Reserve v Board of Assessors of Town of N. Hudson, 99 AD2d 600, 601 [3d Dept 1984], affd 64 NY2d 727 [1984]; Matter of Addis Co. v Srogi, 79 AD2d 856, 857 [4th Dept 1980], lv denied 53 NY2d 603 [1981]). "The issue is not [*3]what the highest and best use . . . is to the petitioner, but its highest value in the marketplace" (Matter of Great Atl. & Pac. Tea Co. v Kiernan, 79 AD2d 371, 373 [3d Dept 1981] [citations omitted], lv denied 54 NY2d 602 [1981]). Petitioners may develop and sell individual lots in the future, at which time they will undoubtedly be reassessed. At this juncture, however, the best evidence of the subject property's value is what was paid for it in the recent arm's length transaction. Simply put, to employ the method urged by respondents would result in an assessment far in excess of full market value.
Viewing respondents' proof in a light most favorable to them, and giving them the benefit of every reasonable inference (see Boyce v Vazquez, 249 AD2d 724, 726 [3d Dept 1998]), we agree with Supreme Court that there are no material issues of fact as to the proper assessed value of the subject property for the tax years at issue (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016]; Robinson v Robinson, 133 AD3d 1185, 1188 [3d Dept 2015]; Matter of Heinemeyer v State of N.Y. Power Auth., 229 AD2d 841, 843 [3d Dept 1996], lv denied 89 NY2d 801 [1996]). Accordingly, Supreme Court properly granted summary judgment to petitioners.
Lynch, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Headquartered in Dallas, Texas, Double Diamond Resorts is a developer and operator of upscale resort communities.

Footnote 2: The purchase agreement also provided for the sale of notes and mortgages held on previously sold lots, as well as assignment of rights in pending tax litigation, for the additional sum of $1,950,000. None of the parties claim that aspect of the transaction to be relevant to the issues presented on this appeal.

Footnote 3: For all years in question the Town of Forestburgh's equalization rate was 100%, so the assessed values reflect respondents' opinion of the property's full market value.

Footnote 4: Petitioners' proof demonstrated that the parties to the sale were unrelated, had no prior dealings, were represented by counsel and also that neither the seller nor buyers were under any compulsion to execute the sale.