Matter of Robins v Board of Assessment Review (2025 NY Slip Op 02119)

Matter of Robins v Board of Assessment Review

2025 NY Slip Op 02119

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-24-0301
[*1]In the Matter of David Robins et al., Appellants,
v
Board of Assessment Review et al., Respondents.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Goldman Attorneys PLLC, Albany (Erika C. Browne of counsel), for appellants.
Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Jacquelyn P. White of counsel), for respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Robert Muller, J.), entered February 9, 2024 in Warren County, which, in a proceeding pursuant to RPTL article 7, denied petitioners' motion for summary judgment.
On December 20, 2020, petitioners acquired a residential property located in the Town of Hague, Warren County, for the purchase price of $3,495,000. In preparation for the 2023 assessment roll, respondent Assessor of the Town of Hague undertook a town-wide revaluation and assessed the subject property at $4,257,000. Petitioners filed with respondent Board of Assessment Review a complaint disputing the assessment, which the Board dismissed. Thereafter, petitioners commenced the instant RPTL article 7 proceeding seeking a reduction of the assessment. Respondents did not answer. Petitioners moved for summary judgment, and respondents opposed. Concluding that petitioners had met their initial burden on the motion but that respondents, in turn, raised a triable issue of fact, Supreme Court denied the motion. Petitioners appeal.
"In an RPTL article 7 tax certiorari proceeding, a rebuttable presumption of validity attaches to the valuation of property made by the taxing authority" (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 174-175 [2014] [internal quotation marks and citation omitted]; accord Matter of Weslowski v Assessor of the City of Schenectady, 152 AD3d 1035, 1036 [3d Dept 2017]). Therefore, on a summary judgment motion, a petitioner bears the initial burden of "presenting substantial evidence to demonstrate that the subject property was overvalued" (Matter of Weslowski v Assessor of the City of Schenectady, 152 AD3d at 1036). In considering whether this minimal threshold has been met (see Matter of Gran Dev., LLC v Town of Davenport Bd. of Assessors, 124 AD3d 1042, 1044 [3d Dept 2015]), "[i]t is well settled that the best evidence of market value is a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" (Matter of Happy Rehab, LLC v Assessor for the Town of Glenville, 214 AD3d 1234, 1235-1236 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Saratoga Harness Racing Inc. v Williams, 91 NY2d 639, 643 [1998]; Plaza Hotel Assoc. v Wellington Assoc., 37 NY2d 273, 277 [1975]; Matter of Lost Lake Resort, Inc. v Board of Assessors for the Town of Forestburgh, 222 AD3d 1091, 1093 [3d Dept 2023], lv denied 41 NY3d 909 [2024]).
Petitioners submitted evidence that the December 20, 2020 sale for $3,495,000, occurring 18 months prior to the July 1, 2022 valuation date, was carried out at arm's length. This was sufficient to rebut the presumption of the assessment's validity and to satisfy petitioners' burden on summary judgment (see Matter of Weslowski v Assessor of the City of Schenectady, 152 AD3d at 1037; see also Matter of Colonie Ctr. v Town of Colonie, 209 AD3d 1214, 1216 [3d Dept 2022], lv denied 39 NY3d [*2]916 [2023]; Matter of Rite Aid Corp. v Otis, 102 AD3d 124, 127 [3d Dept 2012], lv denied 21 NY3d 855 [2013]).
In our view, contrary to Supreme Court's finding, respondents did not raise a triable issue of fact. To begin, respondents failed to offer proof that the sale was not conducted at arm's length or was otherwise in any way abnormal. To the extent that respondents argue that it cannot be determined at this point whether there was an arm's length transaction because no discovery has been undertaken, this argument is unpreserved as it was not raised below (see Kenneths Fine Repairs, LLC v State, 133 AD3d 1181, 1182 [3d Dept 2015]) and because respondents never sought discovery (see Goodnow Flow Assn. Inc. v Graves, 135 AD3d 1228, 1230 [3d Dept 2016]; Hush v Taylor, 84 AD3d 1532, 1533 [3d Dept 2011]). Moreover, respondents provided no support for their valuation of $4,257,000, a 22% increase in value since the sale just 18 months prior (see Matter of Lost Lake Resort, Inc. v Board of Assessors for the Town of Forestburgh, 222 AD3d at 1094). The assessor's broad claim that the market for properties such as this one "rose remarkably" during that time was conclusory (see Matter of Weslowski v Assessor of the City of Schenectady, 152 AD3d at 1037-1038), and his assertion regarding the types of approaches "[g]enerally" used to establish fair market value did not indicate whether either or both of those approaches were used in this particular instance. The fact that respondents engaged an outside appraisal firm while completing their town-wide revaluation is also of no moment, as respondents did not show how that firm evaluated this particular property or what conclusions it reached. As such, petitioners' motion should have been granted (see id.).
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, petitioners' motion for summary judgment granted, and petitioners' tax assessment on the subject property is reduced to $3,495,000 for the 2023 tax year.