■ MALVIN NEVEL, Appellant, v SHELTER ISLAND HEIGHTS PROPERTY OWNERS CORPORATION, Respondent. [613 NYS2d 28] — In an action, inter alia, for a judgment declaring (1) that certain covenants contained in the deeds relating to the plaintiff's property run with the land, and (2) that fees charged by the defendant in excess of those stated in the covenants violate the terms of the covenants, the plaintiff

appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated June 8, 1992, which granted the defendant's motion for partial summary judgment on its first counterclaim to recover damages for the plaintiff's failure to pay for water and sewer services provided by the defendant, and awarded the defendant damages in the principal sum of $6,730.

Ordered that the order is affirmed, with costs.

When the plaintiff, who knew that the defendant provided services for the benefit of community residents, did not dispute receipt of such services, an implied contract resulted obligating him to pay a proportionate share of the full cost of maintaining those services (see, Seaview Assn. v Williams, 69 NY2d 987, 989; Sea Gate Assn. v Fleischer, 211 NYS2d 767). Since the covenants contained in the plaintiff's deeds do not mention charges for water or sewer services, the defendant's charges for such services were not limited by the covenants.

The plaintiff did not dispute receiving such water and sewer services from the defendant. Although the plaintiff did initially raise a triable issue of fact in opposition to the defendant's motion for partial summary judgment with respect to certain charges, the defendant withdrew its claim to the disputed charges. Thus, the court properly determined that there were no triable issues of fact, and that the defendant was entitled to judgment as a matter of law on its first counterclaim (see, Zuckerman v City of New York, 49 NY2d 557). Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.