■ LUC D. ALLEN et al., Appellants, v TELERGY NETWORK SERVICES, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. MARAIS TRENCHING, INC., Third-Party Defendant-Respondent. [860 NYS2d 299]—

Malone Jr., J. Appeal from an order of the Supreme Court (Demarest, J.), entered March 22, 2007 in Franklin County, which granted motions by defendants and third-party defendant for summary judgment dismissing the complaint and all third-party claims.

In 1999, defendant Telergy Network Services, Inc. obtained a highway work permit from the Department of Transportation to lay fiber optic cable along Interstate 87 in various counties in the northeastern part of the state. In connection therewith, Telergy retained defendant Mastec North America, Inc., doing business as Wilde Construction (hereinafter referred to as Wilde), as the general contractor for the project. Wilde, in turn, hired third-party defendant, Marais Trenching, Inc., to perform the trenching work, including providing technicians to operate and maintain the trenching equipment. Plaintiff Luc D. Allen (hereinafter plaintiff) was employed by Marais and was seriously injured on August 25, 1999 while repairing the drive gear of the trenching machine. The accident occurred after plaintiff had removed the bolts from a housing door to expose the pinion gear and was attempting to pry open the door when it rapidly sprung open and crushed his head against the side of the machine, thereby blinding him.

Plaintiff and his wife, derivatively, commenced this action against Telergy and Wilde alleging causes of action for common-law negligence, violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as a contractual third-party beneficiary claim. Telergy and Wilde, in turn, commenced third-party actions against Marais for contribution and/or indemnification. Following joinder of issue and discovery, Telergy, Wilde and Marais all moved for summary judgment. Supreme Court granted the mo-

tions and dismissed the complaint and third-party complaints, resulting in this appeal by plaintiffs.

Initially, we confine our review to those claims raised by plaintiffs in their brief as they concede that they have abandoned their arguments with respect to Supreme Court's dismissal of certain of their other causes of action (*see Lamphear v State of New York*, 91 AD2d 791 [1982]). We turn first to plaintiffs' Labor Law § 200 cause of action which is "a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). A prerequisite to liability under this statute " 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury' " (*id.* at 877, quoting *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]). Notably, where "a worker's injuries result from an unsafe or dangerous condition existing at a work site, rather than from the manner in which the work is being performed, the liability of a general contractor, and of an allegedly negligent subcontractor, depends upon whether they had notice of the dangerous condition and control of the place where the injury occurred" (*Wolfe v KLR Mech., Inc.*, 35 AD3d 916, 918 [2006]).

In the case at hand, plaintiff was not injured while actually performing the trenching work for which his employer had been retained, but was injured while performing repairs to his employer's machine using his employer's tools. Given the unique nature of the trenching machine, there is nothing to indicate that either Telergy or Wilde had notice of any dangerous condition related to its repair. Moreover, notwithstanding their general supervisory responsibilities with respect to the safety of the job site, neither Telergy nor Wilde had control over either the "manner or methods" of the repair work or "direct supervision and control over [the] work at the time of the accident" (*Shields v General Elec. Co.*, 3 AD3d 715, 717 [2004]). The fact that Wilde instructed plaintiff to move the machine from the trenching area to a different part of the work site to perform the repairs is not indicative of control, as plaintiff himself moved the machine after it was unloaded from the trailer and selected the specific repair location. Under the circumstances presented, Supreme Court properly dismissed plaintiffs' Labor Law § 200 cause of action.

Plaintiffs also allege a violation of Labor Law § 241 (6). In order to sustain a cause of action for a violation of this statute, plaintiffs must "demonstrate the violation of a regulation setting forth a specific standard of conduct applicable to the work-

ing conditions [and that such conditions] existed at the time of the injury" (*Lawyer v Hoffman*, 275 AD2d 541, 542 [2000]). Plaintiffs assert that 12 NYCRR 23-9.5 (f) was violated because the trenching machine blade was not on the ground and the machine was not properly secured prior to plaintiff undertaking the repairs. Plaintiff's own deposition testimony, however, establishes that after the machine was moved from the trenching area, he repositioned it on a flatter surface and partially embedded the saw blade teeth into the ground before turning it off. This is consistent with photographs of the machine taken by the State Police immediately after the accident. The contrary testimony of a witness who was not even present at the time of the accident is insufficient to raise a question of fact on this issue. Accordingly, plaintiffs' Labor Law § 241 (6) cause of action based upon the violation of 12 NYCRR 23-9.5 (f) was properly dismissed.*

Lastly, plaintiffs assert a cause of action premised on plaintiff's status as a third-party beneficiary of the highway work permit as well as the contract between Telergy and Wilde for the work performed thereunder. Insofar as this Court has held that a highway work permit does not constitute a contract (*see e.g. Matter of Pyramid Co. of Onondaga v New York State Dept. of Labor*, 223 AD2d 285, 288 [1996]), plaintiff may not claim to be a third-party beneficiary thereunder. Moreover, the safety provisions of the contract between Telergy and Wilde do not reveal that they were meant to encompass accidents arising from a subcontractor's repair of its own equipment such as to extend protection to plaintiff as an intended third-party beneficiary (*see BIB Constr. Co. v City of Poughkeepsie*, 204 AD2d 947, 948 [1994]). Accordingly, plaintiffs' contract cause of action was also properly dismissed.

Cardona, P.J., Mercure, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* Plaintiffs' alternative Labor Law § 241 (6) cause of action is premised upon a violation of 12 NYCRR 23-1.25 (d), a new theory advanced for the first time in their papers in opposition to summary judgment. Having been raised in such context, it is insufficient to bar the relief sought (*see Forester v Golub Corp.*, 267 AD2d 526, 527 [1999]), particularly since plaintiffs have failed to adduce proof that at the time of the accident plaintiff was engaged in activities covered by the regulation, namely welding or flame-cutting operations (*see* 12 NYCRR 23-1.25 [d]).