■ EMILIE PERKINS et al., Respondents, v LISA KAPSOKEFALOS et al., Appellants. [869 NYS2d 667]—

Spain, J. 

 In 1999, defendants purchased a home in the townhouse community of Bluff Point in the Town of Plattsburgh, Clinton County. Defendants purchased a second townhouse in 2002, which they later sold in 2005. Each townhouse is subject to various restrictive covenants that run with the land and appear in documents recorded in the Clinton County Clerk's office. Plaintiff Bluff Point Townhouse Owners Association, Inc. was incorporated as a not-for-profit corporation for the purposes of enforcing restrictive covenants and collecting dues to cover the costs of maintaining common areas of the community. At some point, the relationship between plaintiffs and defendants deteriorated and defendants stopped paying monthly dues. Plaintiffs thereafter commenced this action seeking to enforce the restrictive covenants that defendants had violated,[1] compel defendants to pay monthly dues owed to the Association, and permanently enjoin defendants from violating any restrictive covenants. Defendants subsequently counterclaimed, asserting fraud, unlawful discrimination, trespass, interference of the right to quiet enjoyment, and violation of the restrictive covenant prohibiting the construction of fences. Thereafter, defendants moved for partial summary judgment seeking dismissal of the portion of plaintiffs' complaint that sought payment of dues and

 **1.** Specifically, plaintiffs alleged that defendants posted signs in the windows of their townhouse, failed to landscape the exterior of their townhouse, erected a partition on the property, and installed an exterior television antenna, all in violation of restrictive covenants prohibiting same.

severing the action as to the balance of the relief demanded. Plaintiffs then moved for summary judgment seeking dismissal of defendants' counterclaims.

Supreme Court granted plaintiffs' motion dismissing defendants' counterclaims and denied defendants' motion. Additionally, utilizing its authority to search the record on a summary judgment motion (*see* CPLR 3212 [b]), the court granted judgment in favor of plaintiffs on their cause of action seeking monthly dues, finding the existence of an implied-in-fact contract. However, the court concluded that the motion papers were unclear as to the number of months that defendants had been delinquent in their payments and ordered a trial on the issue of damages. After a pretrial conference and oral argument, however, the court found that no issues of fact existed as to the amount of dues owed by defendants and ordered them to pay damages of $5,200. Defendants now appeal from both the order issued on the parties' summary judgment motions and from the order specifying plaintiffs' damages.[2] We affirm.

Initially, we reject defendants' contention that Supreme Court erred in searching the record and granting partial summary judgment to plaintiffs. It is well settled that "a court has the authority to search the record and grant summary judgment to a nonmoving party" (*WFR Assoc. v Memorial Hosp.*, 14 AD3d 840, 841 [2005]; *see* CPLR 3212 [b]; *Whitman Realty Group, Inc. v Galano*, 52 AD3d 505, 506 [2008]; *Doin v Bluff Point Golf & Country Club*, 262 AD2d 842, 843 [1999], *lv denied*, 94 NY2d 753 [1999] ). However, such authority "only [applies] to a cause of action or issue that is the subject of the motions before the court" (*Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430 [1996]; *see Herron v Essex Ins. Co.*, 34 AD3d 913, 915 [2006]).

Here, defendants contend that their motion for partial summary judgment argued only that no restrictive covenant required defendants to pay dues to the Association. Thus, defendants assert, given the basis of their motion and plaintiffs' failure to allege implied-in-fact contract as a basis for relief either in their complaint or motion for summary judgment, the court was precluded from searching the record and granting summary judgment to plaintiffs based on that theory. However, in their motion for partial summary judgment, defendants broadly assert that "no genuine issue of material fact [exists] regarding the lack of *any legal requirement* that the defendants

---

**2.** By failing to address Supreme Court's dismissal of their counterclaims in their brief, defendants have abandoned those claims (*see Allen v Telergy Network Servs., Inc.*, 52 AD3d 1094, 1096 [2008]; *Lamphear v State of New York*, 91 AD2d 791, 791 [1982]).

pay dues and/or fees for the 'proper maintenance and repair of commons areas' " (emphasis added), and further contend that this "prong" of plaintiffs' complaint should be dismissed. In our view, this broad request for relief enabled Supreme Court to search the record to determine whether *any* cognizable legal theory required defendants to pay dues to the Association, including whether an implied-in-fact contract existed that imposed a legal requirement on townhouse owners to pay a proportionate share of the costs of maintaining shared areas (*see Seaview Assn. of Fire Is. v Williams*, 69 NY2d 987, 989 [1987]).

Additionally, we are unpersuaded by defendants' assertion that plaintiffs failed to proffer sufficient evidence to sustain a finding of an implied-in-fact contract. "Where there is knowledge that a private community homeowners' association provides facilities and services for the benefit of community residents, the purchase of property [in that community] may manifest acceptance of conditions of ownership, among them payment for the facilities and services offered. The resulting implied-in-fact contract includes the obligation to pay a proportionate share of the full cost of maintaining those facilities and services" (*id.* at 989; *see Sea Gate Assn. v Fleischer*, 211 NYS2d 767, 781 [1960]).

Here defendant Lisa Kapsokefalos's testimony illustrates that she possessed the requisite knowledge that the Association provided services for the benefit of Bluff Point residents, which required the payment of monthly dues (*see Seaview Assn. of Fire Is. v Williams*, 69 NY2d at 989). Kapsokefalos testified that prior to purchasing her family's first townhouse, she was aware of the existence of the Association. She also testified that she was aware that the Association collected monthly dues to cover the cost of trash removal and later learned that the dues also covered chimney cleaning and lawn maintenance. Moreover, Kapsokefalos admitted that she benefitted from these services and, at least a few times per year, she and her family used the easement adjoining their property to access the beach as well as the beach itself. On this evidence, we hold that Supreme Court properly granted judgment in favor of plaintiffs (*see id.* at 989; *Estate Ct., LLC v Schnall*, 49 AD3d 1076, 1078 [2008]).

Lastly, we are unpersuaded by defendants' assertion that by failing to hold a trial, Supreme Court erred in its order of damages. After a pretrial conference and oral argument, the court found that a trial was not necessary, as plaintiffs had proffered an itemized record detailing the specific months that defendants had failed to pay dues. Indeed, it is undisputed that defendants

paid dues on their first Bluff Point townhouse beginning in April 2000, they stopped paying dues on that townhouse in approximately October 2002, and defendants never paid dues on their second townhouse, which they purchased in September 2002. Moreover, defendants do not dispute the monthly amount charged by the Association. Inasmuch as "[a] hearing of the damages question is necessary only when damages are unliquidated" (Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C3212:26, at 34), based on the existing record, the court acted properly.

Mercure, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the orders are affirmed, with costs.