■ YANKEE LAKE PRESERVATION ASSOCIATION, INC., Appellant, v JUDITH STEIN et al., Respondents, et al., Defendants. [893 NYS2d 300]—

Stein, J.

Plaintiff is a not-for-profit membership corporation which owns property in the Town of Mamakating, Sullivan County, allegedly including Yankee Lake, a 45-acre tract on its shoreline and an island in the lake. Plaintiff was created in 2000[1] and was organized, in part, to manage and protect property within the Yankee Lake community and to provide for recreational use and enjoyment of the lake and its surrounding area. In 2002, plaintiff began assessing mandatory annual dues for all of its members and, in 2004, amended its bylaws to make membership mandatory for all property owners with deeded rights to access Yankee Lake.

Defendants each own lots in the Yankee Lake community. Although their lots do not abut the lake, their deeds contain rights to access the lake. Defendants purchased their properties prior to 2000 and have never been members of plaintiff. Plaintiff commenced this action against defendants seeking payment of dues for 2004, 2005 and 2006 after defendants refused to pay such dues. Defendant Judith Stein, joined by defendants Gerald Decker, Denise Decker, Carsten Haupt and Deborah Haupt (hereinafter collectively referred to as defendants),[2] moved for summary judgment dismissing the complaint against them and counterclaimed for costs, disbursements, sanctions and counsel fees. Supreme Court, among other things, granted defendants' motion for summary judgment, dismissed the complaint against them and awarded sanctions against plaintiff pursuant to 22 NYCRR 130-1.1, including actual expenses reasonably incurred

1. Plaintiff's creation effected a merger between Yankee Lake Association, Inc. and Yankee Lake Preservation Alliance, Inc.

2. The other named defendants were not served with the motions at issue herein and have not participated in this appeal.

and reasonable counsel fees.[3] Plaintiff's motion to reargue and/or renew that part of the order imposing sanctions was denied by Supreme Court. Plaintiff appeals both orders.[4]

We affirm. Defendants met their initial burden of establishing their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) by proffering evidence that their deeds and chains of title do not contain restrictive covenants requiring them to pay dues to any association and that they never expressly agreed to pay dues to plaintiff. Thus, the burden shifted to plaintiff to raise a question of fact requiring a trial (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326-327 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]).

In response, plaintiff contends that defendants' purchase of their respective properties with the knowledge that a private community association provided facilities and services for community residents created an implied-in-fact contract requiring them to pay their proportionate fees regardless of whether their membership in the association was made mandatory in a deeded covenant. Where, as here, there is no written contract between the parties, "a contract may be implied in fact where inferences may be drawn from the facts and circumstances of the case and the intention of the parties as indicated by their conduct" (*Matter of Boice*, 226 AD2d 908, 910 [1996]; *see Matter of Pache v Aviation Volunteer Fire Co.*, 20 AD3d 731, 732-733 [2005], *lv denied* 6 NY3d 705 [2006]). Thus, an implied-in-fact contract to pay for services provided by a homeowners' association has been found where the homeowners purchased their property with knowledge that the association provided such services and that all homeowners within the community were assessed a share of the association's costs (*see Seaview Assn. of Fire Is. v Williams*, 69 NY2d 987, 988-989 [1987]; *Perkins v Kapsokefalos*, 57 AD3d 1189, 1192-1193 [2008], *lv denied* 12 NY3d 705 [2009]).

Here, however, plaintiff has failed to proffer any evidence to support its contention that defendants implicitly agreed to pay dues or that it otherwise has legal authority to mandate payment of such dues. The evidence unequivocally established that,

**3.** Supreme Court also denied plaintiff's motion for leave to amend the complaint and its cross motion for summary judgment on the proposed amended complaint.

**4.** Plaintiff has not raised any arguments in its appellate brief pertaining to the denial of its motion and cross motion or to the order denying its motion to reargue and/or renew. Accordingly, we deem such issues to be abandoned (*see Caruso v Northeast Emergency Med. Assoc., P.C.*, 54 AD3d 524, 530 [2008]).

at the time each defendant purchased his or her property, the organization(s) providing for the upkeep and protection of Yankee Lake sought contributions from residents only on a voluntary basis. For example, the founding documents of plaintiff's predecessors did not provide for mandatory membership or for mandatory dues for nonmembers. Further, Stein averred that she purchased her property only after ascertaining that there was no mandatory association membership or dues obligation connected with the property. Absent any proof that defendants were on notice of an obligation to pay dues or that they implicitly agreed to pay dues to plaintiff or its predecessor(s) when they purchased their property, Supreme Court properly granted defendants' motion dismissing the complaint.

Nor do we find that Supreme Court abused its discretion in awarding sanctions (*see Navin v Mosquera*, 30 AD3d 883, 883-884 [2006]; *First Deposit Natl. Bank v Van Allen*, 277 AD2d 858, 860 [2000]), particularly in view of the evidence that plaintiff had notice of the legal infirmities of its position before commencing this action (*see* 22 NYCRR 130-1.1 [c] [1], [3]; *see generally First Deposit Natl. Bank v Van Allen*, 277 AD2d at 860; *compare Matter of Breistol*, 64 AD3d 1122, 1124 [2009]). Plaintiff's purported reliance on a Town Court decision (*Yankee Lake Preserv. Assn., Inc. v Stott*, Just Ct, Town of Mamakating, Feb. 11, 2004, Matthews, J., case No. 02110140) is misplaced as, in that case—unlike here—the requirement of the dues payment to plaintiff's predecessor in interest was contained within the defendants' deed.

The parties' remaining contentions have been examined and are either academic or without merit.

Rose, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.