OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff, Lake Dutchess Association, is a not-for-profit membership corporation which was created in 1984 for the purpose, in part, of maintaining Lake Dutchess, and the dam and private roads serving Lake Dutchess. Its printed bylaws state:
“Every person or entity who is a record owner of a fee interest in any property contiguous to or adjacent to Lake Dutchess whose Deed grants them the right to the use of Lake Dutchess and who applied for membership in the Lake Dutchess Association, Inc. shall be a member of the Association.”
In this action, plaintiff seeks to recover from defendant the principal sum of $2,455, which sum constitutes the amount of reasonable assessments allegedly owed by defendant. The complaint alleges separate causes of action for, among other things, breach of contract and unjust enrichment.
Following her court-ordered inspection of plaintiff’s books and records, defendant moved for, among other things, summary judgment dismissing the complaint. In her motion papers, defendant demonstrated that title to property contiguous to Lake Dutchess, together with the right to use the lake, had been deeded to her deceased husband, Harold Orenstein, in 1964, prior to the formation of the plaintiff Association; that she had married Harold Orenstein in 1971; and that she had acquired ownership of the Lake Dutchess property by inheritance from her husband upon his death in 1998. Defendant stated in her moving affidavit that, during his life, her husband had managed all of the couple’s financial affairs and that she *67 had never discussed with her late husband their membership status in plaintiff. She asserted that, in the years following her husband’s death, she had continued to pay dues and assessments which had been charged to her by the Association, but that after the Association had commenced this action to recover sums it claimed, and she disputed, it was owed, she had obtained access to the Association’s books and records and discovered through her review of those documents that she was not a member of the Association and thus had no obligation to pay the sums it demanded. In support of this contention, she submitted, among other things, a copy of her husband’s deed to the property; the printed bylaws of the Association, which made membership contingent upon ownership of property contiguous to Lake Dutchess and application for membership in the Association; minutes of the first meeting of the Association, held December 2, 1984, which recorded that Harold Orenstein had been in attendance and had “donated” monies to the Association but had declined membership; and minutes of a meeting of the Association, held September 24, 1994, which recorded that Harold Orenstein had been in attendance as a “non-member.”
In opposition to defendant’s motion, plaintiff submitted an affidavit by plaintiffs secretary, Bill Olendorf, who asserted that “there is no written application form” for membership in the Association, and that defendant and her husband had applied for membership by supplying the Association with their name, address and other contact details for publication in the Association’s 1998 telephone directory. However, although Mr. Olendorf introduced a copy of that directory, he failed to provide any other documentary evidence to support his assertion that the submission of one’s name to the Association for inclusion in its neighborhood telephone directory constituted a binding agreement to be subject to the burdens of membership in the Association. Mr. Olendorf also introduced a copy of the minutes of a meeting of the Association held November 13, 1994. Those minutes included a report of a proposal by a committee on bylaws: “that all property owners with rights to use Lake Dutchess will be considered members. Whether or not they choose to pay their fair share for the upkeep of the Lake will not have an effect on their membership.” The minutes recorded Harold Orenstein’s attendance at the meeting, and also stated that the proposal had been put to a vote and had carried unanimously. Mr. Olendorf suggested that Mr. Orenstein had “presumably voted in favor of the resolution.” Mr. Olendorf fur *68 ther argued that the Association incurs costs and expenses on items such as road repair, snow removal, lake upkeep and a water quality program, which benefit all the owners of properties contiguous to the lake, and that, having benefitted from the work and improvements performed by the Association, defendant was obligated to pay for them. No claim was made that, by her payment of dues in prior years, defendant had become a member in the Association.
In a reply affirmation, defendant’s attorney noted, among other things, that, although plaintiff had introduced evidence that there had been a vote at the November 13, 1994 meeting on a proposal to amend the bylaws, no evidence had been submitted that plaintiffs bylaws had actually been amended.
The Justice Court granted defendant’s motion for summary judgment, finding that there had been no evidence adduced that defendant or her predecessor in interest, Harold Orenstein, had ever joined the Association, and that, pursuant to Yankee Lake Preserv. Assn., Inc. v Stein (68 AD3d 1603 [2009]), defendant had no obligation to pay the Association’s dues and assessments.
Here, by (1) demonstrating that her title derived from a deed which predated the formation of the Association; (2) tendering evidence that when the Association was formed in 1984, the bylaws provided that membership was achieved by owning property “contiguous to or adjacent to Lake Dutchess” and by applying for membership in plaintiff; (3) submitting evidence that her husband, as her predecessor in interest, had affirmatively declined membership in the Association even though he had made voluntary contributions to the Association; and (4) stating that she had never applied for membership, defendant established, prima facie, her right to summary judgment dismissing plaintiffs causes of action for assessments premised on membership in plaintiff and based on an alleged implied-in-fact contract (see Yankee Lake Preserv. Assn., Inc. v Stein, 68 AD3d 1603 [2009]).
In opposition, plaintiff failed to submit evidence to establish the existence of material issues of fact which would entitle it to a trial. The Justice Court properly rejected plaintiffs suggestion that Mr. Orenstein’s attendance at the meeting where the Association’s members voted unanimously to amend the bylaws creates a question of fact as to whether Mr. Orenstein voted for the amendment and by such vote assented to membership. The minutes of the Association meeting immediately prior to the one at which plaintiffs members voted on the proposal to amend *69 the bylaws record that Mr. Orenstein attended as a nonmember. Thus, under article XI of the Association’s bylaws, Mr. Orenstein was not qualified to vote on the amendment of the bylaws (see also N-PCL 602 [b] [bylaws of a not-for-profit corporation may be amended “by the members at the time entitled to vote in the election of directors and, unless otherwise provided in the certificate of incorporation or the by-laws adopted by the members, by the board”]). Since plaintiff failed to submit any evidence that either Mr. Orenstein or defendant had ever applied to be, or affirmatively manifested an intention to be, members of the Association, the Justice Court properly granted defendant’s motion for summary judgment dismissing the complaint.
We pass on no other issue.
Accordingly, the order, insofar as appealed from, is affirmed.
Iannacci, J.E, Maraño and Tolbert, JJ., concur.