*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 11, 2015                    519976
_____

BLUFF POINT TOWNHOUSE OWNERS
    ASSOCIATION, INC.,
                    Respondent,
        v                                    MEMORANDUM AND ORDER

LISA KAPSOKEFALOS et al.,
                    Appellants.
_____

Calendar Date:   April 29, 2015

Before:   Peters, P.J., Garry, Rose and Devine, JJ.

                    _____


        The Clements Firm, Glens Falls (Thomas G. Clements of
counsel), for appellants.

        Niles Piller & Bracy, PLLC, Plattsburgh (John M. Crotty of
counsel), for respondent.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Muller, J.),
entered January 7, 2014 in Clinton County, which, among other
things, granted plaintiff's motion for summary judgment.

        Plaintiff is a not-for-profit corporation formed in 1988 to
provide services for the benefit of the residents of a townhouse
development on Lake Champlain in the Town of Plattsburgh, Clinton
County.  The owners of the townhouses pay membership dues to
plaintiff to cover the cost of these services.  Although
defendants have owned one of the townhouses since 1999, they
refused to pay any membership dues after personal disputes arose
between them and their neighbors.  Plaintiff obtained an order
requiring defendants to pay the monthly dues and we affirmed,

concluding that, upon their purchase of the townhouse, defendants had entered into an implied contract to pay membership dues to plaintiff as a condition of ownership (see Perkins v Kapsokefalos, 57 AD3d 1189, 1191-1192 [2008], lv denied 12 NY3d 705 [2009]). Plaintiff thereafter obtained a judgment against defendants for $7,101 reflecting dues owed and interest from October 2002 through July 2007.

Although defendants paid the judgment, they nonetheless continued to refuse to pay membership dues and, in 2012, plaintiff commenced this action seeking to recover the outstanding amounts due since August 2007. In their counterclaim, defendants alleged, among other things, that plaintiff had not properly authorized the fees imposed and the services provided were not reasonable or necessary. Plaintiff moved for summary judgment granting their claim for payment of the outstanding dues and dismissing the counterclaims. Defendants cross-moved seeking to dismiss the complaint or, in the alternative, compel discovery. Supreme Court granted plaintiff's motion and dismissed the cross motion in its entirety. Defendants appeal.

The issue of whether defendants are obligated to pay pursuant to an implied contract was previously litigated in the prior action and decided in plaintiff's favor (see Perkins v Kapsokefalos, 57 AD3d at 1192). The doctrine of res judicata thus precludes defendants from claiming that clear and convincing proof of an implied contract is again required in order for them to be obligated to pay plaintiff's monthly dues (see Matter of Hunter, 4 NY3d 260, 269-270 [2005]; O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; Tovar v Tesoros Prop. Mgt., LLC, 119 AD3d 1127, 1128-1129 [2014]). Moreover, to the extent that defendants challenge the authority of plaintiff to impose those dues as never having been established, such a claim could have been raised in the prior action and, therefore, it is likewise barred by res judicata (see O'Brien v City of Syracuse, 54 NY2d at 357-358; Tovar v Tesoros Prop. Mgt., LLC, 119 AD3d at 1129; Matter of Feldman v Planning Bd. of the Town of Rochester, 99 AD3d 1161, 1162-1163 [2012]).

Notwithstanding defendants' request that we impose a new standard for determining whether they should be required to pay for services that have been undertaken by plaintiff since the prior judgment and that they do not deem to be reasonably necessary for their use of their property, the Court of Appeals has made clear that an implied contract for a community homeowners' association "includes the obligation to pay a proportionate share of the full cost of maintaining . . . facilities and services, not merely the reasonable value of those actually used by any particular resident" (Seaview Assn. of Fire Is. v Williams, 69 NY2d 987, 989 [1987]; see Nevel v Shelter Is. Hgts. Prop. Owners Corp., 204 AD2d 700, 701 [1994]). We review plaintiff's action in undertaking such expenditures under the business judgment rule, which, in the absence of "claims of fraud, self-dealing, unconscionability, or other misconduct," is limited to an inquiry of "whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the corporation" (Matter of St. Denis v Queensbury Baybridge Homeowners Assn., Inc., 100 AD3d 1326, 1327 n 2 [2012] [internal quotation marks and citation omitted]; see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 533 [1990]).

Here, we are not persuaded by defendants' contentions that the actions taken by plaintiff since the prior judgment are either unauthorized or unnecessary. Plaintiff supported its motion for summary judgment with an affidavit from its president and a copy of its bylaws. The president described the services provided and affirmed that the monthly fees were properly voted upon and approved, and that plaintiff's business and meetings were conducted in conformance with its bylaws. Copies of plaintiff's financial reports were also submitted in support of the motion. Inasmuch as plaintiff supported its motion for summary judgment with proof that the fees were "authorized, made in good faith, and in furtherance of [plaintiff's] legitimate interests" (Levine v Greene, 57 AD3d 627, 628 [2008]), defendants were required to come forward with proof in admissible form "sufficient to require a trial of material questions of fact" (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We agree with Supreme Court that defendants failed in this regard as they offered only "mere conclusions, expressions of hope or

unsubstantiated allegations" (id.; see Forest Hills Gardens Corp. v Kamparosyan, 63 AD3d 879, 879 [2009]; Forest Hills Garden Corp. v West Side Tennis Club, 23 AD3d 338, 340 [2005]). Nor have defendants established that discovery should have been ordered, as they merely speculated that discovery would yield relevant evidence (see Jacobs v Mazzei, 112 AD3d 1115, 1118 [2013], lv dismissed 22 NY3d 1172 [2014]; Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d 1219, 1222 [2010]).

The parties agree, however, that Supreme Court improperly calculated the interest owed on the outstanding dues when it issued the judgment.[1] CPLR 5001 (b) provides that, where "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." Adopting an intermediate date of October 1, 2010 and applying the statutory interest rate of 9% results in interest of $531 per year, or $1.45479 per day. Based on the award of $5,900 and the 1,193 days between October 1, 2010 and January 6, 2014, the date of the final order, the resulting interest is $1,735.56 and the judgment should be modified accordingly. Defendants' remaining contentions have been considered and determined to be without merit.

Peters, P.J., Garry and Devine, JJ., concur.

---

[1] Defendants appealed from Supreme Court's final order, but not the subsequently entered final judgment. Inasmuch as the final judgment does not materially deviate from the final order, we deem the appeal as also being taken from the judgment (see CPLR 5520 [c]; Miller v Moore, 68 AD3d 1325, 1326 n [2009]).

ORDERED that the order is affirmed, with costs.

ORDERED that the judgment is modified, on the law, by computing interest on the damages awarded from October 1, 2010 in accordance with this Court's decision, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court