*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                521131
_____

GOODNOW FLOW ASSOCIATION INC.,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JOHN A. GRAVES,
                    Appellant.
_____

Calendar Date:  November 24, 2015

Before:  Garry, J.P., Rose, Lynch, Devine and Clark, JJ.

_____

        Stanclift, Ludemann, Silvestri & McMorris, PC, Glens Falls
(John M. Silvestri of counsel), for appellant.

        Walsh & Walsh, LLP, Saratoga Springs (Joseph M. Walsh of
counsel), for respondent.

_____

Garry, J.P.

        Appeal from an order of the Supreme Court (Buchanan, J.),
entered December 3, 2014 in Essex County, which, among other
things, granted plaintiff's motion for summary judgment.

        Goodnow Flow is a lake located in Essex County that was
created by construction of a dam.  The surrounding property was
subdivided into lots and sold.  In 1957, plaintiff was
incorporated as an nonprofit organization to acquire and lease
lands for the recreational use of its members, who own the lots
surrounding and abutting the lake.  Plaintiff owns the lake
bottom and the dam and spillway and maintains those facilities
and the lake's water level.  Plaintiff also engages in various
other activities on behalf of its members, including stocking the
lake with fish, leasing nearby lands, and maintaining a trail

system on those lands.  Defendant's parents purchased a lot adjoining the Goodnow Flow in 1958 and paid annual dues to plaintiff throughout the period of their ownership.  Defendant obtained a partial interest following the death of his father in 1984; he acquired sole ownership in 2012.  Thereafter, he refused to pay the annual dues.  Plaintiff commenced this action seeking payment of the dues and late charges.  Defendant counterclaimed for damages based upon allegedly negligent work performed upon a roadside ditch that had caused flooding upon his property.  Plaintiff moved for summary judgment, which Supreme Court granted, awarding plaintiff damages and dismissing the counterclaim.[1]  Defendant appeals, and we affirm.

Defendant primarily argues that, because some of plaintiff's expenditures — such as the leasing of additional lands for members' hunting and recreational activities — do not provide a specific benefit to his property, it was error for Supreme Court to find that he is obligated to pay his assessed share of annual dues.[2]  We disagree.  It is well-established law that when an owner has acquired property with "knowledge that a private community homeowners' association provides facilities and services for the benefit of community residents, the purchase of property there may manifest acceptance of conditions of ownership, among them payment for the facilities and services

---

[1]  Defendant's notice of appeal states that he is appealing from the entirety of Supreme Court's order.  However, as he has raised no arguments with respect to the dismissal of his counterclaim in his brief, we deem any claims with respect thereto to be abandoned (see Perkins v Kapsokefalos, 57 AD3d 1189, 1191 n 2 [2008], lv denied 12 NY3d 705 [2009]).

[2]  To the extent that defendant also argues that plaintiff does not constitute a homeowners' association, but, rather, a voluntary fishing and hunting club, such argument is unpreserved for our review (see Science Applications Intl. Corp. v Environmental Risk Solutions, LLC, 132 AD3d 1161, 1168-1169 [2015]).  Defendant did not raise this argument before Supreme Court, and, in fact, consistently referred to plaintiff as a homeowners' association in his opposition papers.

offered" (Seaview Assn. of Fire Is. v Williams, 69 NY2d 987, 989 [1987]; see Yankee Lake Preserv. Assn., Inc. v Stein, 68 AD3d 1603, 1604 [2009], lv denied 15 NY3d 706 [2010]). In such cases, an implied contract arises under which the owner is obligated "to pay a proportionate share of the full cost of maintaining those facilities and services, not merely the reasonable value of those actually used by [the owner]" (Seaview Assn. of Fire Is. v Williams, 69 NY2d at 989). Moreover, absent a showing of bad faith or breach of fiduciary obligations, courts will not substitute their judgment for that of a community or homeowners' association with respect to the wisdom of their expenditures (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]; Bluff Point Townhouse Owners Assn., Inc. v Kapsokefalos, 129 AD3d 1267, 1268 [2015], lv denied 26 NY3d 910 [2015]).

Plaintiff met its prima facie burden of entitlement to summary judgment by submitting, among other things, the affidavit of its president in which he recounted the history of plaintiff and averred that it has been in existence since at least 1957, well before defendant obtained sole title to his lot in 2012. The bylaws that were in effect at the time that defendant obtained title were also submitted; they required members to pay dues and listed among plaintiff's purposes "[t]o provide outdoor recreation for members of [plaintiff], their families and their guests" and "[t]o lease land adjacent to the Goodnow Flow for hunting, fishing and other recreational purposes." Plaintiff further submitted photographs of signage posted at conspicuous locations around the lake, such as a parking lot and a boat launch, which indicated that the lake and amenities were for the exclusive use of plaintiff's members. In opposition, defendant did not dispute that he had knowledge of plaintiff's existence or activities on behalf of its members at the time that he took title to the lot, but instead merely contested certain expenditures by plaintiff that he deemed imprudent and "unnecessary" because, in his view, they offered no benefit to his property. Thus, as defendant failed to raise a triable issue of fact, we find no error in Supreme Court's holding that an implied contract existed between the parties (see Seaview Assn. of Fire Is. v Williams, 69 NY2d at 989; Perkins v Kapsokefalos, 57 AD3d at 1192; compare Yankee Lake Preserv. Assn., Inc. v

Stein, 68 AD3d at 1604-1605).

Finally, defendant's argument that he should have been allowed to conduct additional discovery prior to Supreme Court ruling on the motion is unpreserved (see Hush v Taylor, 84 AD3d 1532, 1533 [2011]).

Rose, Lynch, Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court