■ PAWLING LAKE PROPERTY OWNERS' ASSOCIATION, INC., Respondent, v LEO DRAGANI, Appellant. [29 NYS3d 185]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Brands, J.), entered February 21, 2014, which, upon an order of the same court dated February 7, 2014, granting the plaintiff's motion for summary judgment on its cause of action to recover damages for breach of contract and dismissing the defendant's counterclaim, is in favor of the plaintiff and against him in the principal sum of $25,191.91.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment on its cause of action to recover damages for breach of contract and dismissing the defendant's counterclaim is denied, and the order dated February 7, 2014, is modified accordingly.

The plaintiff, Pawling Lake Property Owners' Association, Inc., commenced this action to recover unpaid homeowners' assessments and fees allegedly owed by the defendant, Leo Dragani. In his answer, Dragani asserted a counterclaim challenging the plaintiff's assessment methodology. The plaintiff moved for summary judgment on its cause of action to recover damages for breach of contract and dismissing the counterclaim. The Supreme Court granted the plaintiff's motion, and a judgment was entered thereon. We reverse.

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law with respect to its cause of action

to recover damages for breach of contract based on an implied contract (*see Goodnow Flow Assn. Inc. v Graves*, 135 AD3d 1228, 1229-1230 [2016]). In opposition, however, Dragani raised a triable issue of fact (*see Pawling Lake Prop. Owners Assn., Inc. v Greiner*, 72 AD3d 665, 668 [2010]). Moreover, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on that branch of its motion which was to dismiss the counterclaim. Accordingly, the Supreme Court should have denied the plaintiff's motion in its entirety.

No other issue is properly before this Court (*see Fried v Jacob Holding, Inc.*, 110 AD3d 56 [2013]). Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.