Garry, J.P.
 

 Appeal from an order of the Supreme Court (Connolly, J.), entered July 5, 2016 in Albany County, which, among other things, denied certain defendants’ motions to dismiss the complaint.
 

 In 1999, several employers in the health care industry organized the Healthcare Industry Trust of New York (hereinafter the trust), a group self-insured trust that provided workers’ compensation benefits to the members’ employees (see Workers’ Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). In 2007, plaintiff dissolved the trust due to its poor financial condition. Plaintiff thereafter assumed administration of the trust and determined that its cumulative deficit was over $200 million as of September 2008.
 

 In December 2009, plaintiff sent documents to each former member of the trust seeking repayment of the deficit on a pro rata basis. The amount of the cumulative deficit was thus reduced to about $133 million. In October 2013, plaintiff commenced this action alleging that trust members who had not made repayments were jointly and severally liable for the remaining cumulative deficit and for collection fees pursuant to the Workers’ Compensation Law, its implementing regulations, the trust’s bylaws, the trust agreement and the trust’s joinder and indemnification agreements with its members.
 

 Defendants Ernest Dicker, Mark Dicker, Sheryl Dicker, Manhattanville Healthcare LLC, Michael Melnicke, Sam Chmelnicky, Pyramid Management LLC, Regency Extended Management LLC and Rockaway Extended Management LLC (hereinafter collectively referred to as the SL defendants) moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the claims against them are time-barred pursuant to CPLR 214 (2). Ernest Dicker, Mark Dicker, Sheryl Dicker, Melnicke and Chmelnicky (hereinafter collectively referred to as the individual defendants) also moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that it failed to state a claim against them. Defendants JBG Holding Co. LLC, Waterview Nursing Care Center, Inc., Riverdale Nursing Home, Inc., Hudson View Care Center, Inc., Park House Care Center LLC, Parkview Nursing Home, Inc., Rockaway Care Center, LLC, Sunshine Care Corp., Silver Lake Nursing Home Inc. and Clearview Octagon Corp. and the SL defendants (hereinafter collectively referred to as defendants) moved to dismiss the complaint pursuant to the doctrine of laches. Plaintiff opposed the motions and Supreme Court denied them in their entirety. Defendants appeal.
 

 The parties agree as to the accrual date of the action, but disagree as to the length of the limitations period. “[A]n action to recover upon a liability, penalty or forfeiture created or imposed by statute except as provided in [CPLR] 213 and 215” must be commenced within three years of the accrual date (CPLR 214 [2]), while an action based upon a liability or obligation imposed by contract must be commenced within six years (see CPLR 213 [2]). The SL defendants allege that the joint and several liability that forms the basis of plaintiff’s action against them was created by statute (see Workers’ Compensation Law § 50 [3-a] [3]), that the three-year limitations period is therefore controlling, and that the action is time-barred. However, we agree with Supreme Court that the claims are contractual in nature and, thus, that the action is timely.
 

 Workers’ Compensation Law § 50 (3-a) (3) provides that each member of a group self-insured trust “shall be responsible, jointly and severally, for all liabilities of the group self-insurer . . . occurring during [the member’s] respective period of membership.” Here, the trust agreement provides that all trust members are deemed to be jointly and severally liable for all workers’ compensation obligations incurred by the trust, and the trust bylaws likewise provide for the joint and several liability of trust members (see 12 NYCRR 317.12). Joinder and indemnification agreements executed by all trust members provide that the member has read the trust agreement and agrees to be bound by its terms, and further specifically provide that the member understands, acknowledges and agrees that the member is jointly and severally liable for all trust obligations during the period of membership.
 

 As the provisions in the trust agreements pertaining to joint and several liability are mandated by the Workers’ Compensation Law, the SL defendants contend that the cause of action is statutory rather than contractual. However, “CPLR 214 (2) does not automatically apply to all causes of action in which a statutory remedy is sought, but only where liability ‘would not exist but for a statute’ ” (Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201, 208 [2001], quoting Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 174 [1986]). “[C]laims which, although provided for in a statute, merely codify or implement an existing common-law liability” are not governed by CPLR 214 (2), but by the limitations period that applies to the underlying common-law cause of action (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 220-221 [1996]; accord Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d at 209). Here, Workers’ Compensation Law § 50 (3-a) (3) did not create a new liability, but merely implemented the existing common-law concept of joint and several liability by requiring group self-insured trusts to include it in their contractual relationships with members.
 
 [1]
 
 Members of the trust incurred joint and several liability for the trust’s cumulative deficit by entering into agreements that imposed that liability. If they had not done so, the statute would have imposed no liability upon them. The statutory requirement to include joint and several liability provisions in the agreements “does not alter the fact that the dispute is fundamentally contractual in nature and not a creature of statute” (Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775, 778 [2007]; compare Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d at 209-210; see also State of N.Y., Workers’ Compensation Bd. v A & T Healthcare, LLC, 85 AD3d 1436, 1437 [2011]). Thus, Supreme Court correctly determined that the action is timely. The parties’ remaining arguments related to this issue are rendered academic by this determination.
 

 Next, the individual defendants contend that the complaint fails to state a claim against them in that it does not sufficiently identify the basis of their alleged liability. Specifically, the complaint alleges that the individual defendants were partners doing business under the names of certain entities, but does not indicate whether they were general or limited partners. Further, the complaint asserts that Melnicke was doing business in the names of certain other entities, but does not indicate whether he was a partner. In resolving these claims, “we must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on [plaintiff] the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory” (NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 794 [2016] [internal quotation marks and citations omitted]; accord New York State Workers’ Compensation Bd. v Program Risk Mgt., Inc., 150 AD3d 1589, 1592 [2017]). Applying that standard here, we find no merit in the individual defendants’ contentions.
 

 General partners may be held jointly liable for partnership obligations such as contractual liabilities, while limited partners are liable only in certain circumstances not alleged here (see Partnership Law §§ 26 [a] [2]; [b]; 115). Nothing in the complaint indicates that any of the individual defendants are limited partners or that the entities in question are limited partnerships. Given the statutory limitations on partnership liability, and reading the complaint liberally and with the benefit of all favorable inferences, we find that the allegations that the individual defendants are partners in the named entities reasonably imply that they are general partners, and are sufficiently specific to advise them of the material elements of plaintiff’s claims against them (see CPLR 3013).
 

 As for the allegations that fail to indicate whether Melnicke was a partner, other provisions in the complaint identify him as a defendant and allege that all defendants were members of the trust and, as such, were jointly and severally liable for its cumulative deficit. These allegations were adequate to state claims against Melnicke for recovery of the trust deficit without regard to whether he was a partner in the named entities (see generally Murray Bresky Consultants, Ltd v New York Compensation Manager’s Inc., 106 AD3d 1255, 1258-1259 [2013]).
 
 [2]
 
 Thus, Supreme Court properly denied the individual defendants’ motion to dismiss the complaint on this basis.
 

 Finally, Supreme Court did not err in denying defendants’ motion to dismiss the complaint based on laches. Dismissal on this basis is proper when “neglect in promptly asserting a claim for relief causes prejudice to one’s adversary” (Matter of Crowell v Zoning Bd. of Appeals of the Town of Queensbury, 151 AD3d 1247, 1250 [2017] [internal quotation marks and citations omitted]; see Matter of Miner v Town of Duanesburg Planning Bd., 98 AD3d 812, 813-814 [2012], lv denied 20 NY3d 853 [2012]). Even assuming, solely for the purpose of this analysis, that “the essential element of . . . delay prejudicial to the opposing party” was adequately shown (City of Schenectady v Edison Exploratorium, Inc., 147 AD3d 1264, 1267 [2017] [internal quotation marks, brackets and citations omitted]), plaintiff’s claims are not barred.
 

 “ ‘[T]he equitable doctrine of laches may not be interposed as a defense against the [s]tate when acting in a governmental capacity to enforce a public right or protect a public interest’ ” (Capruso v Village of Kings Point, 23 NY3d 631, 641-642 [2014], quoting Matter of Cortlandt Nursing Home v Axelrod, 66 NY2d 169, 177 n 2 [1985], cert denied 476 US 1115 [1986]). Here, the complaint asserts that plaintiff is acting not only in its capacity as successor in interest to the trust, but also as the state agency charged with the administration of the Workers’ Compensation Law. Plaintiff assumed the administration of the trust, and thus became its successor in interest, pursuant to this administrative role (see Workers’ Compensation Law § 50 [3-a] [7] [b], [c]; 12 NYCRR 317.20 [c]). By seeking here to recover funds that were expended to provide the employees of trust members with workers’ compensation coverage, plaintiff is acting to protect the public interest. Thus, the doctrine of laches does not bar its claims (see Capruso v Village of Kings Point, 23 NY3d at 641-642; State of New York v Robin Operating Corp., 3 AD3d 767, 769 [2004]; Flacke v NL Indus., 228 AD2d 888, 890 [1996]).
 

 Egan Jr., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 [1]
 

 . Notably, a group self-insurance trust is defined as “an association of employers . . . that contractually agree, in accordance with [Workers’ Compensation Law § 50 (3-a)], to assume the workers’ compensation liabilities of each associated member” (12 NYCRR 317.2 [i] [emphasis added]).
 

 [2]
 

 . Further, a court “may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint,” as the dispositive inquiry “is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one” (Leon v Martinez, 84 NY2d 83, 88 [1994] [internal quotation marks and citations omitted]). Here, plaintiffs opposing submissions added additional specificity to its claims by including a trust application that identified Ernest Dicker, Mark Dicker and Sheryl Dicker as general partners in one of the named entities, as well as applications that identified Melnicke as “DBA” several other named entities.