Graves v Stanclift, Ludemann, McMorris & Silvestri, P.C. (2019 NY Slip Op 05608)





Graves v Stanclift, Ludemann, McMorris & Silvestri, P.C.


2019 NY Slip Op 05608


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

527119

[*1]JOHN A. GRAVES, Plaintiff,
v
STANCLIFT, LUDEMANN, McMORRIS & SILVESTRI, P.C., Also Known as LUDEMANN, McMORRIS & SILVESTRI, P.C., Also Known as STANCLIFT LAW, PLLC, et al., Appellants.

Calendar Date: June 5, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Goldberg Segalla LLP, Buffalo (Jonathan M. Bernstein of counsel), for appellants.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Bruening, J.), entered July 16, 2018 in Essex County, which partially denied defendants' motion to dismiss the complaint.
The underlying action in this case was commenced by Goodnow Flow Association Inc. (hereinafter Goodnow) against the present plaintiff, then represented by defendants, for his failure to pay homeowners' association fees arising from his ownership of a lakefront property in Essex County. In the underlying action, Supreme Court (Buchanan, J.) granted Goodnow's motion for summary judgment against plaintiff and dismissed plaintiff's counterclaim, and this Court affirmed (Goodnow Flow Assn. Inc. v Graves, 135 AD3d 1228, 1231 [2016]). Plaintiff then commenced this action alleging that defendants committed legal malpractice by, among other things, failing to conduct pretrial discovery, failing to present evidence that would have prevented the opposing party's success on summary judgment and failing to advance plaintiff's counterclaim seeking damages in Supreme Court or upon appeal. Defendants moved to dismiss the complaint under CPLR 3211 (a) (7) for failure to state a cause of action. Supreme Court (Bruening, J.) partially granted this motion by dismissing two causes of action, but denied the motion as to the two claims of legal malpractice. Defendants appeal.
We affirm. When considering a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failing to state a cause of action, courts "must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on [the] plaintiff the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (New York State Workers' Compensation Bd. v Any-Time Home Care Inc., 156 AD3d 1043, 1046 [2017] [internal quotation marks, brackets and citation omitted]; see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 794 [2016]). Regarding the elements of the claim, "in an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary [*2]reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (New York State Workers' Compensation Bd. v Program Risk Mgt., Inc., 150 AD3d 1589, 1593 [2017] [internal quotation marks, brackets and citations omitted]; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]).
Plaintiff alleged that in the prior case, over the months of December 2013 through April 2014, defendants repeatedly ignored his calls and emails, did not engage in any discovery, canceled depositions and forgot to reschedule the canceled depositions, which subsequently never occurred. Plaintiff alleged that he received one phone call from defendants in April 2014 and no further work was performed on his case until July 2014, when defendants attempted to get an extension to respond to Goodnow's motion for summary judgment and assorted discovery motions. Further, plaintiff alleged that the only work that defendants performed to oppose Goodnow's motions occurred on the day immediately preceding the hearing. Plaintiff also alleged that defendants never addressed his counterclaim at the trial level or upon appeal to this Court (see Goodnow Flow Assn. Inc. v Graves, 135 AD3d at 1229 n 1). Lastly, plaintiff alleged that he provided documents to defendants that, if presented to Supreme Court, would have prevented Goodnow's success on its motion for summary judgment. Plaintiff claims that these failures resulted in the denial of damages for his counterclaim, a loss of enjoyment in using his property, significant legal fees and his ultimate loss on summary judgment, among other things. These allegations are further supported by plaintiff's affidavit and the attached documents (see Leon v Martinez, 84 NY2d 83, 88 [1994]; Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]). Accepting these allegations as true, plaintiff adequately stated a cause of action for legal malpractice (see New York State Workers' Compensation Bd. v Any-Time Home Care Inc., 156 AD3d at 1046; New York State Workers' Compensation Bd. v Program Risk Mgt., Inc., 150 AD3d at 1593; NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d at 794).
Lynch, J.P., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.